GOLDSTEIN *v.* CITY OF NEW ORLEANS *et al.*

(*Circuit Court, E. D. Louisiana.* May 8, 1889.)

1. COURTS—JURISDICTION—VENUE.
    Code Prac. La. art. 162, provides that in civil matters one must be sued before the judge having jurisdiction over the place where he has his domicile or residence, except as otherwise specially provided. Article 165, No. 6, declares that when the defendants are joint obligors they may be sued at the domicile of any one of them. *Held* that, as the laws of Louisiana creating the metropolitan police, and authorizing the issuance of warrants, impose no obligation on the city of New Orleans jointly with any other person or corporation, the district court of Jefferson parish has no jurisdiction of an action on such warrants against the city, though other defendants are joined, over whom the court has jurisdiction.

2. SAME—WAIVER.
    Code Prac. art. 93, provides that when one is sued before a judge having no jurisdiction over his place of domicile, but who is competent to decide the cause brought before him, and he pleads to the merit, instead of declining the jurisdiction, the judgment shall be valid. In an action against the city of New Orleans and outside parishes, an application was made for a rule for the appointment of a receiver for the outside parishes, to which rule the city was not a party. The city attorney, however, entered a general appearance, and, no pleadings having been filed by the city, a decree *pro confesso* was taken against it. On an application by the city for a rehearing on the ground that the court had no jurisdiction over it, *held*, that the jurisdiction had not been waived.

3. SAME—REMOVAL OF CAUSES—EFFECT.
    The cause of action not being one within the original jurisdiction of the federal circuit court, that court, on removal of the cause to it, only acquired such jurisdiction over the parties as the state court had.

At Law. On final hearing.
*Charles Lougue*, for complainant. *Carleton Hunt*, City Atty., and *H. C. Miller*, for defendants.

Before PARDEE and BILLINGS, JJ.

PER CURIAM. This suit was commenced in the district court of the parish of Jefferson on the 21st day of October, 1886, and is a suit brought by the plaintiff, alleging himself to be a citizen of the British empire, for himself and other holders of metropolitan police warrants, against the cities of New Orleans and Kenner, and the parishes of Jefferson and St. Bernard, to enforce liability on the part of said corporations for the outstanding metropolitan police warrants. On the 21st day of October,

1886, a citation was issued out of the clerk's office of the district court of the parish of Jefferson addressed to Mr. J. V. Guillotte, mayor of the city of New Orleans, summoning him to comply with the demand contained in the petition, (a copy of which accompanied the citation,) or to make his answer within 10 days after service. This citation was served on Guillotte, mayor of the city of New Orleans, personally, on the 26th day of October, 1886. On the 28th day of October following, and before the delay fixed for answering on the part of any of the defendants had expired, the plaintiff filed his petition and bond for the removal of the cause to this court, and the record was filed in this court on the 1st day of November, 1886. Thereafter certain proceedings were had contradictorily in this court with other defendants than the city of New Orleans, on an application to appoint a receiver for as much of the metropolitan police district as lay outside of the parish of Orleans; said parish being excepted, because, as stated by complainant in his motion, a receiver had already been appointed for that part of the district. In connection with these proceedings, on December 6th, Walter H. Rogers, Esq., city attorney for the city of New Orleans, entered an appearance for the city of New Orleans in the chancery order-book, and took part in the trial of the rule. On July 5, 1887, no demurrer, plea, or answer having been made by the city of New Orleans, and the rule-day having expired, the complainant caused a decree *pro confesso* to be entered against the city of New Orleans in the chancery order-book of the court. On November 7, 1887, the city of New Orleans being still in default, on motion of the complainant a decree *pro confesso* against the city of New Orleans was entered in open court, and a reference was thereupon made to one of the standing masters of the court to state the amount due, and for discovery, etc. The master having made a report in the case, and 30 days thereafter having elapsed without exceptions being filed, on February 11, 1888, on motion of complainant in open court, the master's report was confirmed, and a final decree entered against the city of New Orleans for the sum of $95,643.27. This decree, though allowed in open court, was not entered in the minutes, but by some direction was entered in the chancery order-book. On the 19th of March, 1888, the city of New Orleans, through its attorney, applied for a rehearing in the case, mainly on the ground that neither the district court of the parish of Jefferson nor this court had ever been seised of jurisdiction in the case; but also on the ground that the city had a just and valid defense to the action. The matter coming on to be heard on the application for rehearing, on May 19, 1888, a rehearing was granted in the case, and leave was given to the city of New Orleans to file an answer within five days, on condition of paying costs and speeding the cause. The lengthy answer filed by the city set up substantially three defenses: (1) Want of jurisdiction in the court; (2) a plea of *res adjudicata;* and (3) that the city is in no wise and on no account liable to the complainant. To this answer complainant filed a replication, and thereupon an examiner was appointed, the evidence taken, and the case as to the city of New Orleans is now submitted on final hearing.

The question of jurisdiction as to the city of New Orleans is now for the first time squarely presented to the court. Article 162 of the Code of Practice of Louisiana declares that "it is a general rule in civil matters that one must be sued before his own judge,—that is to say, before the judge having jurisdiction over the place where he has his domicile or residence,—and shall not be permitted to elect any other domicile or residence for the purpose of being sued; but this rule is subject to those exceptions expressly provided for by law." The "exceptions provided for by law" are found in articles 163–168, following. The exceptions relied upon in this case, under which jurisdiction is claimed in this suit for the district court of the parish of Jefferson, is No. 6 of article 165, as follows:

"When the defendants are joint obligors, they may be cited at the domicile of any one of them."

Articles 2080 and 2081 of the Revised Civil Code of the state are as follows:

"When several persons join in the same contract to do the same thing, it produces a joint obligation on the part of the obligors."

"When one or more persons make an obligation to several persons for the performance of something for the common benefit of all the obligees, it creates an obligation which is joint in favor of the obligees."

An examination of the laws of the state which created the metropolitan police, and provided for the issuance of the warrants now held by the complainant, shows that whatever duties, responsibilities, and liabilities were imposed thereby on the city of New Orleans, there was no obligation, duty, nor responsibility imposed upon the city of New Orleans jointly with any other person or corporation. There was, then, no joint obligation on the part of the city of New Orleans with the parish of Jefferson, which would give jurisdiction to the district court of the parish of Jefferson of the suit against the city of New Orleans. Article 93 of the Code of Practice of the state provides:

"If one be cited before a judge whose jurisdiction does not extend to the place of his domicile, or of his usual residence, but who is competent to decide the cause brought before him, and he plead to the merit, instead of declining the jurisdiction, the judgment given shall be valid, except the defendant be a minor."

The district court for the parish of Jefferson is a court of record, of general civil jurisdiction, and the judge thereof was competent to decide the cause, if properly brought before him; but the jurisdiction of the court could not be acquired in the case, under the aforesaid article, as to the city of New Orleans, unless said city should waive its domicile by pleading to the merits, instead of declining the jurisdiction. As the city of New Orleans made no appearance whatever in the district court of Jefferson parish, it follows conclusively that the jurisdiction of that court never attached. The cause, notwithstanding the citizenship of the parties, is one which could not have been instituted in this court as not being within our original jurisdiction. Whatever jurisdiction we may now have is based on the removal acts of congress, by which the cause

is brought here in exactly the same condition as to jurisdiction over parties it had in the state court,—no better, no worse. As the jurisdiction was defective in the state court, it was defective when the cause came here by removal. As the defect could have been cured under article 93, Code of Practice, in the state court, by the defendants pleading to the merits, it is probable that in like manner could our jurisdiction have been perfected. The fact that the city attorney entered a general appearance in this court for the city of New Orleans, and the fact that there was a decree *pro confesso* entered against the city, are relied upon as being equivalent to a plea to the merits, and as sufficient to perfect the jurisdiction of the court under said article 93. It must be remembered that the appearance was entered in connection with the proceedings looking to the appointment of a receiver, which for some reason seems to have brought the city into court, although the city was not actually a party to the rule, (see application for rehearing hereinbefore referred to,) and to that extent was qualified; but at best it had no other effect than to cure the defective citation, which was defective in that it was not addressed to the city of New Orleans. The decree *pro confesso* was entered because the plaintiff did not plead to the merits. Under article 93 of the Code of Practice the defective jurisdiction could be cured by pleading to the merits, and in not declining the jurisdiction. In this connection it may be noticed that in every pleading filed in this case by the city the jurisdiction of the court has not only been declined, but has been protested against. We are satisfied that upon the foregoing facts the plea to the jurisdiction should be maintained. In the succession of the city officers, resulting from the election, the appearance was entered, and the answer upon the merits, in connection with a separate plea to the jurisdiction, was filed. We do not attempt to say that the objection to jurisdiction could or could not be waived. The defendant has clearly always intended to insist, and has always insisted, upon the want of it. We think it but just that the defendant have leave to withdraw the appearance herein entered and that portion of the answer which relates to the merits. Such leave is accordingly granted. Upon this being done, the plea to the jurisdiction will be maintained, and the bill dismissed for want of jurisdiction, so far as the city of New Orleans is concerned.