## McDONNELL *v.* JORDAN.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ALABAMA.

No. 253.   Argued April 19, 20, 1900.—Decided May 21, 1900.

The decision in *Fisk* v. *Henarie*, 142 U. S. 459, that the words in the act of March 3, 1887, 24 Stat. 552, with regard to the removal of causes from a state court, (as corrected by the act of August 13, 1888, c. 866,) "at any time before the trial thereof," used in regard to removals "from prejudice or local influence," were used by Congress with reference to the construction put by this court on similar language in the act of March 3, 1875, c. 137, 18 Stat. 470, and are to receive the same construction, which required the petition to be filed before or at the term at which the cause could first be tried, and before the trial thereof.

MATTIE Lee Fennell, a citizen of the county of Madison, State of Alabama, died on the fifth day of August, 1897, leaving a will executed by her December 17, 1895, in which she devised and bequeathed all her property, real, personal or mixed, to her mother, Mrs. M. E. Fennell, for life, and on her death to Llewellyn Jordan of the State of Mississippi. The will specifically provided that if the mother should die before the death of the testatrix, Llewellyn Jordan should take. Said Llewellyn Jordan and Walter E. Jordan, a citizen of Madison County, Alabama, were nominated and appointed executors of the will,

to act as such without bond. The mother died in 1896. February 9, 1897, Walter E. Jordan, one of the executors named, presented his petition to the Probate Court of Madison County, Alabama, together with the original will, to have said will admitted to probate. The petition stated that the sister of testatrix, Ada F. McDonnell, resident of Madison County, was her next of kin, and would have been her only heir had she died intestate; that Llewellyn Jordan was temporarily residing at Washington, D. C.; that the attesting witnesses resided at Huntsville, Alabama; and prayed that a date might be set for the hearing of the petition and due notice thereof be given as required by law to the next of kin of said deceased, and that such decrees, orders and other proceedings might be had and made in the premises as might be necessary to effect the due probate of said will according to law.

On the 11th day of February, 1897, Ada F. McDonnell, a sister, and only heir at law, of Mattie Lee Fennell, filed in the Probate Court her written contest of the alleged will, based on certain grounds therein set forth, and demanded a trial by jury. April 1, 1897, a jury was empanelled to try the contest, and an issue was then made up by the court between Walter E. Jordan, as plaintiff, and Ada F. McDonnell, as defendant, and the trial entered upon. On April 15, 1897, after having considered the case, the jury came into court and reported that they were unable to agree upon a verdict, whereupon the jury were discharged, and the case was continued.

May 28, 1897, Walter E. Jordan applied to the Probate Court to amend his petition by alleging: "That the said Llewellyn Jordan is the sole legatee and devisee under said will, and is the person really interested in defending the validity of said will and in answering and defending the contest filed in said court to annul and make invalid said will;" and to add to the prayer of his petition the following: "Petitioner prays that citation and all proper notice be given the said Llewellyn Jordan of this case and contest, and that he be made a party defendant to this petition."

The following order was entered thereon by the Probate Court, August 3, 1897: "In the matter of the petition of W. E.

Jordan to make Llewellyn Jordan party defendant to this case, and that citation and all proper notice be given said Llewellyn Jordan as such, heretofore filed with the papers in this case, May 28th, 1897, was set for hearing this August 3rd, 1897. This day argued by Shelby and Walker for proponent and Richardson and Cooper for contestant. Motion overruled and amendment not allowed, and for reason good and satisfactory to this court the further hearing of this contest continued to Sept. 3rd, 1897."

On the 4th of August, Llewellyn Jordan, without leave, filed with the clerk of the Probate Court a paper styled an " answer," which commenced as follows : " In the matter of the contest of the probate of the will of Mattie Lee Fennell comes Llewellyn Jordan, named in the amendment to the petition in this cause filed by Walter E. Jordan, and intervenes in said proceeding and files this his answer to the contest of Ada F. McDonnell ; " and on that day the Probate Court entered the following order : " In this cause a paper, purporting to be an intervention on behalf of Llewellyn Jordan, having been indorsed ' filed ' by the clerk of this court, without the knowledge of the court, and said paper being so indorsed filed without an order authorizing said Llewellyn Jordan to intervene herein, and the motion made by Walter E. Jordan, the proponent, praying that said Llewellyn Jordan be made a party defendant hereto, on the 3rd day of August, 1897, being overruled and disallowed, it is therefore ordered that said paper purporting to be an intervention of said Llewellyn Jordan be stricken from the files in this cause."

August 5, 1897, Walter E. Jordan, the proponent of the will, filed in the Probate Court a renunciation of his right to have letters testamentary issued to him, and asked that the same be issued to Llewellyn Jordan, couched in these terms : " The undersigned, Walter E. Jordan, named in the will of Mattie Lee Fennell as one of her executors, renounces his right to have letters testamentary issued to him. He desires that the said will shall be probated, but that letters testamentary should issue alone to the co-executor named in said will, Llewellyn Jordan."

August 12, 1897, Llewellyn Jordan filed his petition in the

Circuit Court of the United States for the Northern Division of the Northern District of Alabama to remove to that court the matter of the proceedings to probate and to contest the will of Mattie Lee Fennell, then pending in the Probate Court, on the ground that from prejudice and local influence, he could not obtain justice in the Probate Court, or any other state court. The Circuit Court, on the same day, entered an *ex parte* order removing the cause from the Probate Court of Madison County, Alabama, to that court. Mrs. McDonnell made motions in the Circuit Court to remand the cause to the Probate Court, and to dismiss and strike from the files the petition of Llewellyn Jordan for the removal of the proceedings and cause from the state court.

Among the grounds assigned for the motion to remand were that the Circuit Court had no jurisdiction of a proceeding to probate a will; that Llewellyn Jordan was not a party defendant " in any suit, proceeding or controversy in the Probate Court of Madison County, Alabama, relating to the matter of the probate of the will of Mattie Lee Fennell, deceased," and the Circuit Court had no jurisdiction by virtue of the petition for removal; that the proceeding to establish the will was not a separate but a single controversy; that the application for removal was not made in time, or before the trial of the cause in the state court; and that the application for removal was made too late.

The Circuit Court maintained jurisdiction, and overruled each of the motions.

A trial was subsequently had in the Circuit Court, which directed a verdict in favor of Llewellyn Jordan, contestee. A verdict was returned accordingly, and thereupon the court, November 8, 1898, entered this judgment: " It is therefore considered by the court that the contest of Ada F. McDonnell of the last will and testament of Mattie Lee Fennell, deceased, and the several grounds of said contest be, and the same are hereby, overruled and denied. It is further considered and adjudged by the court that the contestee, Llewellyn Jordan, have and recover of the contestant, Ada F. McDonnell, the costs in this behalf expended, for which, if not otherwise paid, an execution may issue."

Under the same date the court certified to this court the following questions of jurisdiction :

" 1. Whether this court has jurisdiction to hear and determine the matters of controversy shown in the record between said Llewellyn Jordan and Ada F. McDonnell.

" 2. Whether this court has jurisdiction to hear and determine the cause removed to this court from the state court, wherein it is sought to establish and probate the will of Mattie Lee Fennell, deceased, late a resident citizen of the county of Madison, State of Alabama.

" 3. Whether this court has jurisdiction to remove the proceeding shown in the record from the state probate court upon the petition of the said Llewellyn Jordan.

" 4. Whether this court acquired jurisdiction of the matters in controversy between the said Llewellyn Jordan and Ada F. McDonnell upon the petition of the said Llewellyn Jordan to remove the said proceedings from the state probate court to this court.

" 5. Whether this court has jurisdiction to entertain the petition of the said Llewellyn Jordan for the removal of said proceeding to this court after the mistrial of said cause in the state probate court as shown by the record filed herein.

" 6. Whether this court has jurisdiction to entertain the petition of said Llewellyn Jordan to remove said cause from the state probate court to this court after a jury had been empanelled in the state probate court, the trial entered upon, the failure of the jury to agree, and a mistrial of said cause entered in said probate court.

" 7. Whether this court has jurisdiction of the petition of said Llewellyn Jordan to remove said cause from said probate court to this court after filing in said probate court an answer to the contest of said will." ·

A writ of error was applied for and allowed March 15, 1899, and the record showed an order on March 16 adjourning " the Circuit and District Courts of the United States for the Northern District and Northern Division " *sine die.* On the 4th of April, 1899, the judge of the Circuit Court entered on the certificate a statement that though it was dated November 8, 1898,

it was actually signed "on the 15th day of March, 1899, at Birmingham, Alabama."

*Mr. Lawrence Cooper* for plaintiff in error. *Mr. William Richardson* was on his brief.

*Mr. Richard W. Walker* for defendant in error. *Mr. Heber J. May* was on his brief.

MR. CHIEF JUSTICE FULLER, after stating the case as above, delivered the opinion of the court.

The question of jurisdiction was certified before the adjournment of the term of the Circuit Court of the United States for the Northern District and Northern Division of Alabama, at which term the judgment was entered, and we decline, under the circumstances disclosed, to discuss what the effect might have been if the certificate had shown on its face that it was in fact signed in the Southern Division of the District within which the presiding judge had jurisdiction.

Petitions for removal and motions to remand are matters of record proper. Ordinarily papers filed in support thereof are not so unless made part thereof by bill of exceptions, though sometimes this is otherwise. *England* v. *Gebhardt*, 112 U. S. 502; *Bronson* v. *Schulten*, 104 U. S. 410; *Railroad Company* v. *Koontz*, 104 U. S. 5.

We are not concerned here with the proofs as to prejudice or local influence.

By section 4272 of the Civil Code of Alabama, it is provided that: "Upon the death of a testator, any executor, devisee, or legatee named in the will, or any person interested in the estate, may have the will proved before the proper Probate Court." As Mrs. Fennell was an inhabitant of Madison County at the time of her death, the Probate Court of that county was the proper Probate Court, § 4273; and as Walter E. Jordan and Llewellyn Jordan were named executors, and Llewellyn Jordan was the sole devisee and legatee, either of them could propound the will for probate. By section 4284 it was provided that: "Whenever

an application is made to prove a will in this State, at least ten days' notice must be given to the widow and next of kin, or to either of them, residing and being within the State, before such application is heard." In this case Mrs. McDonnell was the next of kin and sole heir at law, and was duly notified.

Section 4287 provides that : " A will, before the probate thereof, may be contested by any person interested therein, or by any person who, if the testator had died intestate, would have been an heir or distributee of his estate, by filing in the court where it is offered for probate allegations in writing that the will was not duly executed, or of the unsoundness of mind of the testator, or of any other valid objection thereto ; and thereupon an issue must be made up, under the direction of the court, between the person making the application, as plaintiff, and the person contesting the validity of the will, as defendant ; and such issue must, on application of either party, be tried by a jury."

Section 4298 reads that : " Any person interested in any will, who has not contested the same under the provisions of this article, may, at any time within eighteen months after the admission of such will to probate in this State, contest the validity of the same by bill in chancery, in the district in which such will was probated, or in a district in which a material defendant resides."

Mrs. McDonnell filed her allegations in writing contesting the will on the grounds that it was not signed by the subscribing witnesses in the presence of the alleged testatrix ; nor by testatrix in the presence of the subscribing witnesses ; nor was the alleged will signed by the witnesses at the request of the testatrix ; nor by the subscribing witnesses in the presence of each other and in the presence of the testatrix ; that the testatrix at the time the alleged will was signed and executed was of unsound mind and memory and not mentally capable of making a will ; that the execution of the will was procured by fraud and undue influence of Llewellyn Jordan ; and that the paper propounded was not the last will and testament of Mrs. Fennell ; and she demanded a jury trial. The cause was duly set down for trial as between W. E. Jordan, proponent, and

Ada F. McDonnell, contestant, and was subsequently tried, the trial continuing some days, and on April 15, 1897, the jury being unable to agree upon a verdict, was discharged.

After this mistrial Walter E. Jordan applied to the Probate Court to allow him to make Llewellyn Jordan a party defendant to his petition that the will be admitted to probate. As Llewellyn Jordan was a co-executor, and the sole devisee and legatee, the Probate Court, on the third of August, declined to grant the application. If Llewellyn Jordan had applied to be formally admitted as co-proponent, it must be assumed that he would have been permitted to become such of record, but he made no such application. Then, on August 4, the paper purporting to be an "answer" of Llewellyn Jordan was filed by the clerk, without leave, or knowledge of the court, and on the same day was struck from the files as improvidently placed thereon. The succeeding day, August 5, Walter E. Jordan renounced the executorship, and asked that letters issue to his co-executor, Llewellyn Jordan. August 12 the order of removal was entered by the Circuit Court.

The contention of plaintiff in error is that the proceeding in the Probate Court of Madison County was simply a proceeding to establish and probate the will and as such was not a "suit of a civil nature, at law or in equity," and therefore not removable; that if the proceeding were otherwise removable, Llewellyn Jordan was not a defendant and could not remove; and that the application for removal came too late.

The decisions of the Supreme Court of Alabama recognize that an application for the probate of a will is a proceeding *in rem*, but it is held that it becomes a suit *inter partes* where there is a contest, that is, "a suit between the party alleging the existence of the will and the contestant." And that the result of the statutory provisions is to afford two modes of contest, in the Probate Court before the will has been proved, or in the Chancery Court after probate by the institution of a suit by those who were not parties to a contest in the Probate Court. *Knox* v. *Paull*, 95 Ala. 505, and cases cited.

Undoubtedly the courts of the United States possess no jurisdiction over an *ex parte* application for the probate of a will,

that is, for the proof thereof in common form, which is purely a proceeding *in rem ;* but it is insisted by defendant in error that, by the institution of a contest, a case of controversy *inter partes* arises, which may be removed to the Circuit Court just as such a contest may be under the state statute removed by change of venue from the Probate Court, where the will is propounded, to the Probate Court of another county, and that the judgment of the Federal court in such a case must be recognized by the Probate Court of original jurisdiction, just as by statute the judgment of another Probate Court to which the proceeding has been remitted is certified to that court that the will may be probated or rejected as that judgment is for or against the validity.   Code 1896, § 4296.

Assuming, without deciding, this to be so, the question presents itself as to the position occupied by the proponent and the contestant, respectively, and the statute says that on a contest on admission to probate, " an issue must be made up, under the direction of the court, between the person making the application as plaintiff, and the person contesting the validity of the will, as defendant."

And the issue on this contest was made up by the Probate Court of Madison County accordingly.

Notwithstanding this, defendant in error contends that the contestant is the real plaintiff, and that, within the meaning of the act of Congress in respect of removals, " the contestee is a defendant because he is brought into court against his will by the necessity of defending his right under the will, and his involuntary presence there subjects him to the local prejudice and influence, protection against which is the object of the statute."

In this connection it is proper to say that it is obvious on the face of these proceedings that the effort of Llewellyn Jordan to become a party to the record was so limited to being made such in a particular capacity as to clearly indicate that it was with the object of making the application for removal. But whether as co-executor or as sole legatee and devisee, his appearance in the cause would be as proponent of, or on behalf of the will, and not against it, and without going into the au-

thorities as to where the burden of proof lies when a contest is initiated as to the validity of a will, when it is presented for probate, and even conceding that the specific provision of this state statute may be disregarded, we are nevertheless of opinion that the application to remove came too late.

Under the statutes of Alabama, Llewellyn Jordan might have propounded the will, either as executor or legatee. He might have intervened as interested, if he had feared that his co-executor, who did propound the will, would not do justice, of which there is no pretence here. But he could not lie by, permit the will to be propounded, a contest to be initiated, and a trial had, and at that stage intervene and remove the case.

This was a will and testament, disposing of personal as well as of real property; and was propounded by one of two executors named therein. The statute required notice only to the widow and next of kin, and not to beneficiaries under the will.

There is nothing whatever in the evidence to indicate that Llewellyn Jordan was in fact ignorant of the will, of its presentation for probate, or of the initiation of the contest. The presumptions are against him, and he was at least so far represented by his co-executor that when he applied to come in, and treated the case as if he had come in, he took his place by intervention subject to such disabilities as to the right of removal as then existed.

In *Hanrick* v. *Hanrick*, 153 U. S. 192, 197, it was said: "The act of March 3, 1887, c. 373, corrected by the act of August 13, 1888, c. 866, was intended, as this court has often recognized, to contract the jurisdiction of the Circuit Courts of the United States, whether original over suits brought therein, or by removal from the state courts. It not only amends the act of 1875; but it allows to none but defendants the right to remove any case whatever, and, by new regulations of removals for prejudice or local influence, supersedes and repeals the earlier statutes upon this subject. 24 Stat. 553; 25 Stat. 434; *Smith* v. *Lyon*, 133 U. S. 315; *Fisk* v. *Henarie*, 142 U. S. 459; *Tennessee* v. *Union & Planters' Bank*, 152 U. S. 454."

In *Fisk* v. *Henarie*, there cited, this court ruled that the words in the act of March 3, 1887, as corrected by the act of

August 13, 1888, " at any time before the trial thereof," used in regard to removals " from prejudice or local influence," require the application to remove to be filed before or at the term at which the cause could first be tried and before the trial thereof.   Tested by that ruling this application to remove came too late.

> *The judgment is reversed and the cause remanded to the Circuit Court with directions to remand it to the Probate Court of Madison County, Alabama.*