## EMPIRE MIN. CO. v. PROPELLER TOW–BOAT CO. OF SAVANNAH.

(Circuit Court, D. South Carolina. April 27, 1901.)

1. REMOVAL OF CAUSES—JURISDICTION OF FEDERAL COURT—NONRESIDENCE OF DEFENDANT.

The right given a defendant by the judiciary act of 1887–88 to be sued only in the district where he resides, or where the plaintiff resides, is a personal privilege, which he may waive, and does not affect the jurisdiction of the court over the cause; and while it cannot entertain original jurisdiction of an action against a nonresident defendant, brought by two or more plaintiffs, one of whom is also a nonresident of the district, if timely objection is made, that fact does not prevent it from acquiring jurisdiction by removal where the action is brought in a state court, since the act of removal by defendant is a conclusive waiver of the privilege of objecting to the jurisdiction, which he has himself invoked, and the plaintiffs cannot raise the objection.

2. SAME—REMAND—JURISDICTION TO RESCIND ORDER.

After a federal court had entered an order remanding a cause forthwith, but during the same term, it set aside such order on its own motion and refused the motion to remand. Meantime plaintiff had filed a copy of the first order with the state court, which resumed jurisdiction, and subsequently rendered a judgment, which was affirmed on appeal by the supreme court of the state, on the ground that the order of remand became immediately effective, and deprived the federal court of further jurisdiction, and its subsequent order was therefore void. *Held,* that a motion by plaintiff in the federal court, based on the same ground, to strike the cause from its docket, would not be passed on until defendant had opportunity to remove the judgment of the state court into the supreme court of the United States for review, that the question of jurisdiction might be finally determined by the only court having authority to enforce its decision.

At Law. On motion to strike cause from the docket.

Mitchell & Smith, for plaintiff.
Nathans & Sinkler, for defendant.

SIMONTON, Circuit Judge. This is a motion to strike this case from the docket, upon the ground that it is no longer within the jurisdiction of this court. Proceedings in attachment were commenced in the court of common pleas for Charleston county by W. B. Chisolm and E. B. Addison, who carry on business under the name of the Empire Mining Company, against the Propeller Tow-Boat Company of Savannah, a corporation of the state of Georgia. W. B. Chisolm is a citizen and resident of the state of South Carolina. E. B. Addison is a citizen and resident of the state of Virginia. The complaint having been filed, the defendant, before the time for

answering had expired, entered a special appearance and filed its petition, with bond, praying that the case be removed into this court, upon the ground of diversity of citizenship. Thereupon the state court granted the prayer of the petition, and the transcript of the record was filed in this court. After the cause was docketed here, the defendant gave notice of a motion to vacate the attachment theretofore issued in the cause, and to dismiss the summons and complaint. This motion the plaintiffs met with a motion to remand. The case came on to be heard, and this court, after argument, on May 22, 1899, entered an order remanding the case to the state court. Thereupon, on the same day, the plaintiffs filed a copy of the order remanding the cause in the state court, it being then in vacation. As soon as this order was filed, the plaintiffs presented their affidavit to the clerk of the state court that no demurrer or answer to the complaint had been filed or served on them, and the clerk, pursuing the practice in such case made and provided, entered the cause on the default docket. After the 22d of May, the term not having expired in which the order for remand had been made, this court re-examined the question, became satisfied that the order to remand had been improvidently issued, and revoked it by an order filed June 7, 1899, at the same time refusing to remand the cause. The cause, being on the default docket of the state court, was called up on April 18, 1900, and, being an unliquidated demand, was submitted to a jury, and a verdict had for plaintiffs in the sum of $3,070.66. A motion was made to set aside the verdict upon the ground that the cause had been removed into the federal court. The motion was denied. An appeal was taken to the supreme court of the state, and the judgment below was affirmed, upon the ground that, the case having been remanded, the state court reassumed jurisdiction, and that the order revoking the remand came too late. 38 S. E. 156. The remittitur from the supreme court having gone down to the court below, the plaintiffs came into this court and entered the motion stated above. This motion proceeds upon two grounds: (1) That the cause was not removable into this court; (2) that, if it were removable, the order made on May 22, 1899, remanding it, went immediately into effect, and could not be revoked by this court.

The first ground was passed upon by the court in its order of June 7, 1899; but, inasmuch as the court then came to its conclusion upon a re-examination of the case, without further argument from plaintiffs' counsel, the matter will be further investigated, aided by the arguments on this motion. The jurisdiction of this court is challenged upon this ground: The statutes of the United States do not confer jurisdiction because of diversity of citizenship, where, as in this case, the plaintiffs are citizens and residents, one of the state of South Carolina and the other of the state of Virginia, and the defendant is a citizen and resident of the state of Georgia; that for some reason this state of facts is casus omissus. There can be no doubt that, in a cause brought within the original jurisdiction of this court, it must appear in the record that each plaintiff, if sev-

eral plaintiffs, must be capable of suing, and each defendant, if several defendants, must be liable to the suit, in the federal court. Strawbridge v. Curtiss, 3 Cranch, 267, 2 L. Ed. 435. The act of 1887–88 provides that no civil suit can be brought in any circuit court of the United States against any person by original process in any other district than that whereof he is an inhabitant; but, where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant. This is the personal privilege of the defendant. It can be waived. Trust Co. v. McGeorge, 151 U. S. 129, 14 Sup. Ct. 286, 38 L. Ed. 98. It therefore is not jurisdictional. Consent of parties cannot give jurisdiction. A fortiori, waiver cannot. Toland v. Sprague, 12 Pet. 300, 9 L. Ed. 1093. See, also, Ex parte Schollenberger, 96 U. S. 369, 24 L. Ed. 853; Martin v. Railroad Co., 151 U. S. 688, 14 Sup. Ct. 533, 38 L. Ed. 311. If, therefore, suit be brought in which there are several plaintiffs, citizens and residents of different states, against a defendant not an inhabitant of the state in which the suit is brought, he has the privilege of saying that he cannot be sued in that state, because the action is not brought in the state of his residence; nor can it be said to have been brought in the state of which plaintiffs are residents, as they reside in different states. Smith v. Lyon, 133 U. S. 315, 10 Sup. Ct. 303, 33 L. Ed. 635. But, inasmuch as this privilege does not affect the jurisdiction of the court, the defendant in the case supposed must seasonably interpose it by plea or otherwise, else he will be held to have waived it; and he surely can formally submit himself to the jurisdiction. This being so in a cause originally brought in this court, a fortiori the same result follows a case removed into the court. The supreme court of the United States in Railroad Co. v. Davidson, 157 U. S., at page 208, 15 Sup. Ct. 563, 39 L. Ed. 672, hold that the second section of the act of 1887–88, giving the right of removal, refers to the first part of section 1, by which jurisdiction is conferred on the circuit courts, and not to the clause of that section relating to the district in which suit is brought. This part of the first section defines the jurisdiction of the circuit courts in terms broad and without qualification. They, among other things, are given jurisdiction of all suits of a civil nature, at common law or in equity, "in which there shall be a controversy between citizens of different states in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid [$2,000]." So the cause is removable.

But can the defendant, when the cause is removed, interpose his privilege and dismiss the suit, and so defeat the jurisdiction of both courts? He cannot. We have seen that this privilege is not reserved to the defendant in removal cases. Besides this, he has waived this privilege, if it be reserved to him. He has by his own volition bound himself by his bond in the state court to come here at the earliest opportunity to enter his record therein, upon which entry the cause shall proceed in this court in the same manner as if it had been originally commenced therein. So he has come in and has

invoked the jurisdiction of this court. Could he be heard now in saying that a court into which he has come of his own motion and from which he seeks relief has no jurisdiction over him, solely because he is a nonresident? In Sherwood v. Valley Co. (C. C.) 55 Fed. 4, Judge Hammond held that an act like this was a waiver of the personal privilege. The general proposition, showing the distinction between the jurisdiction in original cases and in removal cases, is discussed by Mr. Justice Brown, in Kansas City & T. R. Co. v. Interstate Lumber Co. (C. C.) 37 Fed. 6, 7. The conclusion that the petition to remove is in itself a waiver of all personal privilege is clearly shown in Bushnell v. Kennedy, 9 Wall. 393; 19 L. Ed. 736, and Seward v. Comeau, 14 Sup. Ct. 1209, 26 L. Ed. 438. To the same effect is Fisher v. Shropshire, 147 U. S. 145, 13 Sup. Ct. 206, 37 L. Ed. 116, in which a motion was made by a party removing a cause, after removal, to dismiss for want of jurisdiction. The court says:

"We are not prepared to say that the circuit court should be deprived of jurisdiction at the request of the party who voluntarily invoked it."

In the present case the defendant's first act was to test before this court the validity of the attachment, and this itself brought the case within the jurisdiction. It is said, however, that when a cause is removed into this court every objection to the action can be made by the defendant in the federal court which he could have made had it been brought originally in that court. This states the proposition too broadly. When a case is removed from a state court into the federal court, it comes over precisely in the same plight in which it left the state court. Duncan v. Gegan, 101 U. S. 812, 25 L. Ed. 875; Goldstein v. City of New Orleans (C. C.) 38 Fed. 626. If there be any inherent defect in the cause in the state court, the defendant does not, by removal, lose his right to object to it in the federal court. Goldey v. Morning News, 156 U. S. 525, 15 Sup. Ct. 559, 39 L. Ed. 517. So if the state court for any reason did not rightfully acquire jurisdiction over the person of the defendant, and the defect be not cured by a general appearance, the objection can be made in the federal court. But this is a different thing from the proposition that a defendant can file his petition for removal, and seek the jurisdiction of the federal court, obtain a favorable answer to his prayer, and pray relief, and then say that the federal court has no jurisdiction over him because of a personal privilege. He is estopped by his own act from saying that the court of his choice has no right to decide his case. Mr. Justice Brown, in Cowley v. Railroad Co., 159 U. S. 569, 16 Sup. Ct. 127, 40 L. Ed. 263, states the doctrine clearly:

"The case having been removed to the circuit court upon the petition of the defendant, it does not lie in its mouth to claim that such court had no jurisdiction in the case, unless the court from which it was removed had no jurisdiction."

There remains one question only, and that by far the most difficult and important. At the hearing in this court, May 22, 1899, upon the motion of plaintiff to remand, the court, after argument,

entered its order to remand the cause forthwith. A certified copy of this order was on the same day filed in the state court; and also, on the same day, upon the affidavit of the plaintiff, in accordance with section 267 of the Code of Civil Procedure of South Carolina, the case was entered on the default docket of that court in vacation. Subsequently this court, no application for a rehearing having been made, of its own motion reconsidered its order remanding the cause, and on June 7, 1899, entered another order revoking the remanding order and canceling it. Could this court, under the circumstances stated, reconsider the order remanding the cause, revoke it, and recall the case? It is a well-established general rule that all courts have control of orders passed at a term during that term, and may alter, add to, or rescind any such order. Bronson v. Schulten, 104 U. S. 410, 26 L. Ed. 797; Union Trust Co. v. Rockford, R. I. & St. L. R. Co., Fed. Cas. No. 14,401. This control and supervision ends with the term. As expressed by Waite, C. J., in Ayres v. Wiswall, 112 U. S. 190, 5 Sup. Ct. 92, 28 L. Ed. 694:

"The parties were not in law discharged from their attendance in the cause until the close of the term, and the decree, although entered, was in the breast of the court until final adjournment."

See Bronson v. Schulten, 104 U. S. 415, 26 L. Ed. 797; Amy v. City of Watertown, 130 U. S. 301, 9 Sup. Ct. 530, 32 L. Ed. 946.

Bronson v. Schulten, discussing the rule, states that the rule is equally well established that this control does not exist after the term has ended, "and this is placed upon the ground that the case has passed beyond the control of the court." Brooks v. Railroad Co., 102 U. S. 107, 26 L. Ed. 91.

Does the action of the court upon a motion to remand a cause come within an exception to this rule? This depends upon the construction of the act of 1887–88, amending the act of 1875, on the same subject. The act of 1875 (18 Stat. 472) provides for remanding a cause at any time during its progress, but "the order of the circuit court remanding the cause to the state court shall be reviewable by the supreme court on writ of error or appeal as the case may be." The language of Act 1887–88 differs widely from this:

"Whenever any cause shall be removed from any state court into the circuit court of the United States, and the circuit court shall decide that it was improperly removed, and order the same to be remanded to the state court from whence it came, such remand shall be carried immediately into execution, and no appeal or writ of error from the decision of the circuit court so remanding such cause shall be allowed."

This act of 1887–88 was intended to restrict, and does restrict, the right of removal from the state court. McDonnell v. Jordan, 178 U. S. 238, 20 Sup. Ct. 886, 44 L. Ed. 1048. The difference in this particular point under discussion is significant. Under the act of 1875 a case removed from a state court might remain in the federal court, notwithstanding an order to remand, until such order could be reviewed in the supreme court. In the meantime the cause was stayed and great delay occurred. To remedy this, not only was the decision of the circuit court upon the question of remand

made final, not subject to writ of error or appeal, but it was also declared that it shall be carried into effect immediately. It seems, therefore, very plausible that, when a motion to remand is made, heard, and determined favorably, the order must be carried into execution immediately, not being subject to review in any appellate court or in the court itself which made the order. At common law no judgment could be enforced by execution until the end of the term. Union Trust Co. v. Rockford, R. I. & St. L. R. Co., Fed. Cas. No. 14,401. For this reason, probably, the court retained control over its judgment. This construction of the act of 1887–88, as designed to prevent delay, is strengthened by the provision in the same act that the party removing must docket his cause in the circuit court of the United States on the first day of its session next after removal. The opportunity is thus afforded the plaintiff to enter and press his motion to remand at the earliest day, and of getting a decision thereon to be carried into execution immediately. Every provision looks to a speedy decision of the question and the restoration of the jurisdiction of the state court. Without doubt, these reasons pressing him, the judge who signed the order to remand directed that it should be carried into effect "forthwith," making use of a word which in practice and pleading is usually construed to mean within 24 hours. Dickerman v. Trust Co., 176 U. S. 193, 20 Sup. Ct. 311, 44 L. Ed. 423.

It may be said, however, that, when the statute speaks of an order of this court, it must be construed in the light of the law, which holds that no order is beyond the control of a court during the term in which it is made; that, when the plaintiff filed in the state court the order to remand, he did so with notice and knowledge that it could be revoked; that the act of the clerk of the state court in putting the case on the default docket was with the same notice and knowledge; and that, if the statute intended to change the law and to deprive the court of this well-known and established right, it would have said so in terms and not have left it to inference. And evidently a court of the United States acted upon this in Shearing v. Trumbull (C. C.) 75 Fed. 33. But it may be said that when the order was made to remand the case forthwith, which order was filed here and a certified copy of it filed in the state court, the jurisdiction of that court attached at once; that the state court took action; and that its course was confirmed by the tribunal of last resort in the state. In Union Trust Co. v. Rockford, R. I. & St. L. R. Co., Fed. Cas. No. 14,401, a bill had been filed in the circuit court of the United States asking for a receiver. To this bill was filed a demurrer. The demurrer was heard on July 20th, was sustained, and the bill was dismissed. On July 22d, two days after, one Nickerson filed his bill in the state court, praying the appointment of a receiver; and on July 25th a receiver was appointed by the state court. On July 24th, the day before this appointment was made, and during the same term, the complainant in the federal court obtained an order setting aside the order sustaining the demurrer and dismissing the bill. The case was reinstated, an amendment to the bill

was allowed, and a receiver appointed. The court held that, although it had dismissed the bill, it could reconsider and recall its act, and that the state court could not, during the interval, oust or supersede the jurisdiction of the federal court; that the case stood precisely as though no order of dismissal had been made.

The question is full of difficulty, and should be decided by a tribunal whose voice is imperative. As has been said, the state courts, including the court of last resort, have held that the jurisdiction was surrendered finally by this court and restored to the state court. This state court has gone on and is adjudicating the controversy. Its action is not subject to review in this court, nor can its judgment be controlled by any order of this court. The plaintiffs may be here; but, as they are actors, they cannot be compelled to try their cause here, and the only penalty they can incur is its dismissal, with costs. The defendant can have his writ of error to the supreme court of the United States to the decision of the state court, and, if that tribunal sustain its contention, the state court must obey. Under these circumstances it is best for this court to stay its hand, and await the action of the supreme court. There is another fact to be considered. If the action of the state court be reviewed in the supreme court of the United States, and there reversed, the plaintiffs can get no relief in the state court. If, in the meantime, the cause be dismissed from this court, they can get no relief in this court, and justice may fail. It is ordered that the motion to dismiss be continued, without prejudice, until the further order of this court.