## IN RE SHERMAN.

ORIGINAL.

Submitted January 9, 1888. — Decided January 23, 1888.

If a Circuit Court of the United States, in granting a motion to remand a cause to the state court, has not before it, by mistake, the complaint in the action, it is within the discretion of that court, upon a showing to that effect, to grant a rehearing; but this court has no power to require that court by mandamus to do so.

ROGER M. SHERMAN, the plaintiff in error in *Sherman* v. *Grinnell*, 123 U. S. 679, after the announcement of that decision presented to this court his petition as follows:

*To the Honorable, the Justices of the Supreme Court of the United States:*

The petition of Roger M. Sherman respectfully represents:

On the 28th day of October, 1885, in the city court of New York, in the Southern District of New York, an action was commenced by the service of a summons and complaint, by Irving Grinnell and George S. Bowdoin, as executors, against this petitioner, to recover the sum of $1778.95, and on the 30th day of said October, your petitioner presented his petition and a bond to said city court, and prayed the removal of said action to the Circuit Court of the United States for said district. Said city court on that day made its order thereupon, accepting said petition and ap-

proving said bond, and that said city court proceed no further in said action.

The ground alleged for such removal was that said action was of a civil nature, and one arising under the laws of the United States. It was by said petition alleged that the grounds of such removal appeared by the complaint of the plaintiffs in said action.

On the 26th day of February, 1886, and before the next session of said Circuit Court, and before the time when by law the petitioner was bound to present or file the record of said suit in said Circuit Court, a motion was made by the plaintiffs in said suit in said Circuit Court to remand the said suit to the said city court. This motion came on before the Honorable William J. Wallace, the Circuit Judge, on the notice of motion of said plaintiffs, wherein they moved upon an affidavit of Treadwell Cleveland, and upon "all the papers and proceedings theretofore had in said action," which included said complaint.

The counsel for said plaintiffs moved said motion in the absence from the court of your petitioner and of any one representing him; but petitioner was shortly afterwards allowed to be heard by said Circuit Judge; who thereupon, by an order entered that day, remanded said cause. Your petitioner supposed that the Circuit Judge had before him or in the record filed upon said motion a copy of the complaint and that such observations as he made were based upon knowledge of the same. Your petitioner therefore deferred to the views expressed by the Circuit Judge and did not call his attention in detail to said complaint, but submitted with deference to his ruling in the full belief that it was upon such knowledge of the complaint as would fully possess him of the basis of petitioner's argument.

In fact, no copy of said complaint was ever seen by Judge Wallace or filed upon said motion, and the information of it which he had was derived from the affidavit of Cleveland, and such statements as may have been made by plaintiffs' counsel in petitioner's absence.

Your petitioner first learned of this state of the record upon

making it up for a return to a writ of error granted to review said order.

The facts aforesaid appear chiefly from said return, which is on file in the Supreme Court of the United States in case No. 932 of October Term, 1887. [*Sherman* v. *Grinnell*, 123 U. S. 679.]

Your petitioner avers that it did and will appear from said complaint that said action is brought to recover upon an award of a claim allowed by the Secretary of the Treasury of the United States for moieties under the act of March 3, 1867, upon a mistake of fact and without authority of law; that it there appears that the money sued for never could be lawfully paid from the Treasury of the United States; that it has not and could not cease to be the money of the United States; that no lawful agency was or could be created to collect, receive or transfer it to the use of said plaintiffs; that said complaint asserts a strict legal title, and relies upon a conversion of said money; and that the statutes of the United States formed the sole right, title and interest of the plaintiffs, as asserted in said action.

The only award made by the Secretary of the Treasury was upon the mistaken supposition that he was making an award of the proceeds of a seizure of tobacco made in the Eastern District of New York and there prosecuted before the passage of the act of June 22, 1874, whereas in fact the award made was of moneys collected from penalties *in personam* in 1885 in the Circuit Court for the Southern District of New York, and which he was apparently forbidden by the act of 1874 to make. Your petitioner was not party to and did not know of this mistake until after the receipt of the warrant and before any demand was made upon him on behalf of plaintiffs. Your petitioner presented a claim for plaintiffs based upon a construction of the act of 1874, upon the actual facts, and the award was made as above stated. The mistake arose by the confounding by a Treasury clerk in the bookkeeping in the Department the seizure case with the *in personam* case. The Secretary has therefore not in fact made any such award as that relied on by plaintiffs.

All the foregoing would appear on the trial of the general issue to the complaint.

Your petitioner, therefore, believes, and charges the fact to be, that by the action of the Honorable William J. Wallace aforesaid, your petitioner has been and is deprived of his right to have the matters aforesaid tried in said Circuit Court and that as said Circuit Judge he refuses to take cognizance in said court of a cause jurisdiction of which of right appertains thereto; and that your petitioner has been and is deprived of his right to the judgment of said Circuit Court upon the complaint in said suit whether it states a cause of action cognizable at the time of such removal from said city court by said Circuit Court.

Your petitioner, therefore, prays that your honorable court will grant your writ of mandamus to said William J. Wallace, commanding him as such Circuit Judge:

1. That the order remanding said action entered by him February 26, 1886, in said court be expunged and erased;

2. That he proceed to hear the motion of the plaintiffs to remand said action upon the complaint and with the same before him or on file in said court; or

3. That said Circuit Court proceed in said action; and

4. Such other and further matter or thing as may be just.

And your petitioner will ever pray, &c.,

ROGER M. SHERMAN.

County of New York, ss.:

ROGER M. SHERMAN, being duly sworn, says: I am the petitioner herein. I have read the foregoing petition and know its contents, and the same is true to my knowledge, information and belief.

ROGER M. SHERMAN.

Sworn before me, this January, 1887,

Notary Public,

N. Y. Co.

*Mr. Roger M. Sherman,* in person, in support of the petition.

I. The petitioner contends that the Circuit Court could not judicially determine for or against the jurisdiction in this case in the absence of the complaint. It has not, therefore, in the sense of the second section of the act of March 3, 1887, "decided that the cause was improperly removed." *Windsor* v. *Mc Veigh*, 93 U. S. 274, 282, 283; *Garland* v. *Davis*, 4 How. 131, 143; *The Divina Pastora*, 4 Wheat. 52, 64; *Mandeville* v. *Burt*, 8 Pet. 256; *United States* v. *Kirkpatrick*, 9 Wheat. 720; *Bradstreet* v. *Thomas*, 12 Pet. 174; *Gold Washing Co.* v. *Keyes*, 96 U. S. 199, 204; *Clark* v. *Hancock*, 94 U. S. 493.

II. The order of remand being without jurisdiction, as above stated, this court, in the absence of a remedy by writ of error, can by the writ of mandamus command the Circuit Judge to expunge the void order and proceed to decide the motion to remand or entertain the cause according to law. *Ex parte Bradley*, 7 Wall. 364, 375–379; *Railroad Co.* v. *Wiswall*, 23 Wall. 507; *Ex parte Virginia*, 100 U. S. 339, 343.

III. The nature of this controversy appears in the petition. But whatever may be its merits, as this court said in *Ex parte Jordan*, 94 U. S. 248, 251, "The question is not what will be gained by an appeal, but whether the party asking it can appeal at all." So here the question is whether the petitioner was entitled to have the question of jurisdiction decided upon the complaint with the complaint duly before the court.

IV. Under the authority of *Postmaster General* v. *Trigg*, 11 Pet. 173, and *Life and Fire Ins. Co.* v. *Adams*, 9 Pet. 571, inasmuch as the record in case No. 932, October, 1887, shows all the material facts, petitioner submits that it will be correct practice and respectful to the Circuit Judge to issue the alternative writ. If the court is not of that opinion, then a rule is respectfully prayed.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This motion is denied. The object of the petitioner is to compel the Circuit Court of the United States for the Southern

District of New York to set aside an order granting a motion to remand a suit against him, which he had caused to be removed from a state court, and to proceed to a rehearing, on the ground that at the former hearing the court did not have before it and did not see the complaint in the case on which he relied to show his right to a removal. The petition makes it apparent that the motion was submitted by both parties, and decided on the papers then furnished. If, in point of fact, the complaint was not included among those papers, and it had been omitted by mistake, a rehearing might have been granted in the discretion of the court upon a showing to that effect, but this court has no power to require that court to do so by mandamus.