## AUSBROOKS v. WESTERN UNION TELEGRAPH CO.

(District Court, M. D. Tennessee, Nashville Division. July 19, 1921.)

No. 1328.

Removal of causes ⊚↠109—Federal court is without power to vacate order of remand.

An order of a federal court remanding a cause removed from a state court ex propria vigore reinvests the state court with jurisdiction, and the federal court is without power to vacate such order, even during the same term.

At Law. Action by Estelle Ausbrooks, administratrix, against the Western Union Telegraph Company. On motion to vacate order remanding cause to state court. Denied.

Action at law commenced in the Circuit Court of Davidson County, Tennessee, and removed, on the defendant's petition, to the United States District Court for the Nashville Division of the Middle District of Tennessee. On June 3, 1921, a motion by the plaintiff to remand was granted, and an or-

der entered remanding the cause to the State court. On June 11, 1921, a subsequent day of the same term, the defendant filed its petition for a rehearing of the remanding order and a motion to vacate the same. A rehearing was granted, and briefs submitted on the motion to vacate. Motion denied.

McCarley & Stephenson, of Nashville, Tenn., for plaintiff.
Bass & Sims, of Nashville, Tenn., for defendant.

SANFORD, District Judge. Section 28 of the Judicial Code (derived from the Act of March 3, 1887, c. 373, 24 Stat. 552, 553 [Comp. St. § 1010]), provides that when a District Court decides that a cause has been improperly removed from a State court and orders it to be remanded thereto "such remand shall be immediately carried into execution." When a remanding order is entered by the Federal court, the State court is thereby "reinvested with jurisdiction," which cannot be defeated by another removal upon the same grounds. St. Paul Railroad v. McLean, 108 U. S. 212, 213, 217, 2 Sup. Ct. 498, 27 L. Ed. 703. A different construction of the statute might work injurious delays in the preparation and trial of causes. 108 U. S. at page 217, 2 Sup. Ct. 498, 27 L. Ed. 703. No action of the State court is required to reinstate it therein. Winchell v. Coney, 54 Conn. 24, 32, 5 Atl. 354..

The remanding order entered herein, providing that this cause "be, and is, remanded to the Circuit Court of Davidson County," having ex propria vigore reinvested the State court with jurisdiction, necessarily terminated the jurisdiction of this court. And having thus lost jurisdiction of the cause, it is now without authority to vacate the remanding order. 34 Cyc. 1327. The general power of a court to remand or vacate orders, judgments and decrees at any subsequent day of the term at which they were rendered, does not extend to cases in which the jurisdiction of the court has been completely exercised and its authority ended. Ex parte Lange, 18 Wall. 163, 178, 21 L. Ed. 872.

This accords with the conclusion reached in Empire Mining Co. v. Propeller Co., 59 S. C. 549, 38 S. E. 156, the correctness of which does not, in my opinion, depend upon the fact that a copy of the remanding order had been filed in the State court and subsequent proceedings had therein. And while it was apparently assumed in Shearing v. Trumbull (C. C. ) 75 Fed. 33, that a remanding order might be subsequently vacated, there was no discussion of the question or determination of it by the court. Nor was the question decided in Empire Mining Co. v. Propeller Co. (C. C.) 108 Fed. 900.

Therefore, without further considering the motion to remand on its merits, an order will be entered denying the defendant's motion to vacate the same.