## LESLIE et al. v. FLOYD GAS CO.

District Court, E. D. Kentucky.
July 13, 1935.

C. P. Stephens, of Prestonsburg, for plaintiffs.

Hill & Hobson, of Prestonsburg, for defendant.

**FORD, District Judge.**

This action was instituted in the circuit court of Floyd county, Ky., on June 8, 1933, the plaintiffs being residents of the state of Kentucky, and the defendant being a corporation organized and existing under the laws of the state of New Jersey. Summons was duly issued in the state court, and the sheriff's return shows that on September 30th it was executed by delivering a true copy to one Grover Lowe, "the party in charge of the business of said gas company in Floyd county."

On November 16, 1933, the defendant filed its petition and bond for removal to this court, and the state court entered the usual removal order pursuant to which a transcript of the record was filed in this court on December 15, 1933. On May 28, 1934, the plaintiffs filed in this court their motion to remand the case to the Floyd circuit court on the ground that the petition for removal was not filed in the state court within the time required by section 29 of the Judicial Code (title 28 USCA § 72).

On March 20, 1935, Hon. Charles I. Dawson, presiding judge of the Western District of Kentucky, acting as judge of the Eastern District of Kentucky by designation on account of the existing vacancy on the bench in the Eastern District as the result of the death of the presiding judge, heard the motion of the plaintiffs to remand the case and, on that day, entered an order providing "that this cause be and the same is remanded to the circuit court of Floyd county, Kentucky."

On March 25, 1935, the defendant company filed in the office of the clerk of this court a motion to set aside the order entered on March 20, 1935, remanding the case to the state court, and that motion is now presented for consideration.

Nothing appears in the record to indicate any action by the state court in the case since the order of removal to this court.

Section 28 of the Judicial Code (title 28 USCA § 71) provides as follows: "Whenever any cause shall be removed from any State court into any district court of the United States, and the district court shall decide that the cause was improperly removed, and order the same to be remanded to the State court from whence it came, such remand shall be immediately carried into execution, and no appeal or writ of error from the de-

cision of the district court so remanding such cause shall be allowed."

 The general power of the court over its own judgments, orders, and decrees during the existence of the term at which they are first made is undeniable, and this general rule would be controlling here but for the statutory provision that "such remand shall be immediately carried into execution." This provision, together with the further provision precluding a review by appeal or writ of error, was added by an amendment of March 3, 1887 (24 Stat. 553). It was clearly the intent of this amendment to preclude further prolongation of the controversy. Such an intention is clearly manifest by the clause, "such remand shall be immediately carried into execution." When this court entered the order remanding the case on March 20, 1935, the state court, by operation of law, was immediately reinvested with jurisdiction. The jurisdiction of this court arising from the removal proceeding having been completely exercised and exhausted, authority of this court to entertain additional motions or to take further steps in the case was thereby terminated. It was the duty of the state court to immediately proceed to exercise jurisdiction over the cause as a pending action as though no removal had ever been attempted. Baltimore & O. R. Co. v. Koontz, 104 U. S. 5, 26 L. Ed. 643; St. Paul & Chicago R. Co. v. McLean, 108 U. S. 212, 2 S. Ct. 498, 27 L. Ed. 703; Hammond Hotel & Improvement Company v. Finlayson (C. C. A.) 6 F.(2d) 446; and Ausbrooks v. Western Union Telegraph Company (D. C.) 282 F. 733.

The order of remand having ipso facto terminated the jurisdiction of this court when the motion to reconsider was filed about five days later, no action was pending in this court to which that motion could relate.

In 54 C. J. page 372, § 335 (2), the rule is stated thus: "Since an order of a federal court remanding a cause to the state court from which it had theretofore been removed terminates the jurisdiction of such federal court in the premises, it is without authority to vacate or set aside the order of remand, even during the term at which it was made." Whether a copy of the remanding order was filed in the state court and subsequent proceedings taken therein does not appear material, since the state court was immediately reinvested with jurisdiction and had full authority to proceed with the case. A different construction of the statute might work great confusion as well as injurious delay in the preparation and trial of causes. To obviate such a result was the evident purpose of the amendment of 1887.

It thus appears that this court has no jurisdiction to entertain the motion to reconsider the remanding order and the motion should be stricken from the files.