## MOULDING–BROWNELL CORPORATION v. SULLIVAN, District Judge, et al.

### No. 6301.

Circuit Court of Appeals, Seventh Circuit.

Oct. 22, 1937.

James J. Magner and Marshall G. Sampsell, both of Chicago, Ill., for petitioner.

Paul E. Treusch, of Chicago, Ill., for respondent Sullivan.

Harold R. Schradzki, of Chicago, Ill., for respondent Material Service Corporation.

Before EVANS, SPARKS, and MAJOR, Circuit Judges.

MAJOR, Circuit Judge.

On June 22, 1937, this court entered an order granting leave to petitioner to file its petition for writ of mandamus against respondents and ordering them to show cause on or before August 15, 1937, why such writ should not issue as prayed for. Each of respondents has filed written motions to strike the petition. Both petitioner and respondents have likewise filed briefs and arguments going to the merits of the controversy in the District Court. The motion to strike raises the question of the jurisdiction of this court to review the action of the district court in remanding to the state court a cause removed to the former from the latter by the authority of sections 28 and 29 of the Judicial Code (sections 71 and 72, title 28, U.S. C.A.).

Ordinarily, where the jurisdiction of this court is attacked, there would be no occasion, of course, to consider the facts or circumstances upon which the order of the District Court was based. In the instant case, however, the position sought to be maintained by petitioner makes it necessary to briefly recite the same.

On December 31, 1936, Material Service Corporation, a corporation of the state of Illinois, and one of the respondents herein, instituted its suit at law in the circuit court of Cook county, against the petitioner, Moulding-Brownell Corporation,

a corporation of the state of Delaware, claiming damages in the sum of $110,000 for alleged breaches of contract. Summons was duly served upon the defendant (petitioner) returnable the first Monday in February, 1937, which was February 1, 1937. On said date, pursuant to stipulations between counsel for the petitioner and Material Service Corporation, an order of the circuit court of Cook county was entered extending the time within which the petitioner could plead to the complaint to and including February 15, 1937, and in the meantime another court order was entered pursuant to stipulations of counsel, again extending the time to plead to March 1, 1937. On February 25, 1937, petition and bond for removal of the suit from the state court to the District Court was presented. Over the objection and exception of the respondent, Material Service Corporation, the bond was approved, and thereafter, on March 26, 1937, a certified copy of the records in said cause was filed in the office of the clerk of the United State District Court. On April 5, 1937, Material Service Corporation moved the District Court to remand the cause to the court from whence it came on the ground that the petition for removal was not filed in apt time. No question is raised but what the case was a proper one for removal under section 71, title 28 U.S.C.A. It is conceded the cause was remanded on procedural grounds for a failure to comply with section 72, title 28 U.S.C.A. In fact, the District Court in an opinion filed in connection with the order in question so stated. Under such a situation, it is not necessary to quote the laws of the state of Illinois or the rule of its court fixing the time in which defendant is required by such law or rule of court to answer or plead to a declaration of complaint. In other words, the sole controversy in the District Court was whether an extension of time to plead allowed by order of court based upon a stipulation of the parties likewise extended the time within which a petition for removal might be made and allowed, as provided by section 72, title 28 U.S.C.A. The District Court held the negative of that proposition, and it was upon this procedural defect, as held by him, that the cause was remanded.

Section 71, title 28 U.S.C.A., contains the following provision: "Whenever any cause shall be removed from any State court into any district court of the United States, and the district court shall decide that the cause was improperly removed, and order the same to be remanded to the State court from whence it came, such remand shall be immediately carried into execution, and no appeal or writ of error from the decision of the district court so remanding such cause shall be allowed."

In re Pennsylvania Company, 137 U.S. 451, 11 S.Ct. 141, 34 L.Ed. 738, decided in 1890, this prohibition on the use of appeal or writ of error in such cases was interpreted to include the denial of review by way of mandamus as well. This interpretation has been consistently adhered to by the Supreme Court in a long line of decisions. Employers Reinsurance Corporation v. Bryant, 299 U.S. 374, 378, 57 S.Ct. 273, 275, 81 L.Ed. 289; In re Matthew Addy S. S. Corporation, 256 U.S. 417, 418, 41 S.Ct. 508, 65 L.Ed. 1027; McLaughlin Bros. v. Hallowell, 228 U.S. 278, 286, 33 S.Ct. 465, 57 L.Ed. 835; Powers v. Chesapeake & Ohio Ry. Co., 169 U.S. 92, 98, 18 S.Ct. 264, 42 L.Ed. 673; Missouri Pacific Ry. Co. v. Fitzgerald, 160 U.S. 556, 581, 16 S.Ct. 389, 40 L.Ed. 536.

In Employers Reinsurance Corporation v. Bryant, just cited, opinion rendered January 4, 1937, the court reviewed at considerable length the history and decisions with reference to this question. Concerning the statute above quoted, the court (299 U.S. 374, on page 379, 57 S.Ct. 273, 276, 81 L.Ed. 289), said:

"The question soon arose whether the provisions just noticed in the Act of March 3, 1887, should be taken broadly as excluding remanding orders from all appellate review, regardless of how invoked, or only as forbidding their review on writ of error or appeal. The question was considered and answered by this Court in several cases, the uniform ruling being that the provisions should be construed and applied broadly as prohibiting appellate re-examination of such an order, where made by a circuit (now district) court, regardless of the mode in which the re-examination is sought.

"A leading case on the subject is In re Pennsylvania Company, 137 U.S. 451, 11 S.Ct. 141, 34 L.Ed. 738, which dealt with a petition for mandamus requiring the judges of a circuit court to reinstate, try, and adjudicate a suit which they, in the circuit court, had remanded to the state court whence it had been removed. After referring to the earlier statutes and practice and coming to the Act of March 3, 1887,

this Court said (137 U.S. 451, at page 454, 11 S.Ct. 141, 34 L.Ed. 738):

" 'In terms, it only abolishes appeals and writs of error, it is true, and does not mention writs of mandamus; and it is unquestionably a general rule that the abrogation of one remedy does not affect another. But in this case, we think, it was the intention of Congress to make the judgment of the circuit court remanding a cause to the state court final and conclusive. The general object of the act is to contract the jurisdiction of the federal courts. The abrogation of the writ of error and appeal would have had little effect in putting an end to the question of removal, if the writ of mandamus could still have been sued out in this court. It is true that the general supervisory power of this court over inferior jurisdictions is of great moment in a public point of view, and should not, upon light grounds, be deemed to be taken away in any case. Still, although the writ of mandamus is not mentioned in the section, yet the use of the words, "such remand shall be immediately carried into execution," in addition to the prohibition of appeal and writ of error, is strongly indicative of an intent to suppress further prolongation of the controversy by whatever process. We are, therefore, of opinion that the act has the effect of taking away the remedy by mandamus as well as that of appeal and writ of error.' "

Petitioner concedes the general rule and the construction given to the statute by the cases above referred to, but insists that this general rule only applies where the District Court has decided that the cause was improperly removed from the state court and bases its remanding order upon the lack of essential federal jurisdictional features. It is sought here, however, to make a distinction where the remanding order is based upon improper grounds of procedure, and in such cases it is urged this court has a right to review the order of the District Court in a mandamus proceeding. In support of this contention, petitioner cites the cases of Bankers Securities Corporation v. Insurance Equities Corporation (C.C.A.) 85 F.(2d) 856, 859, 108 A.L.R. 960, and Travelers' Protective Association v. Smith (C.C.A.) 71 F.(2d) 511. The opinion in the former case, no doubt, sustains the theory here advanced by petitioner, but the force of that opinion is considerably weakened by an examination of the authorities therein cited.

The court on page 859 of 85 F.(2d) said: "This is perfectly plain from the reasoning, logic, and direct statements made in the cases of Ayers v. Watson, 113 U.S. 594, 598, 5 S.Ct. 641, 28 L.Ed. 1093; Powers v. Chesapeake & Ohio Ry. Co., 169 U.S. 92, 93, 18 S.Ct. 264, 42 L.Ed. 673; Travelers' Protective Association v. Smith, supra."

In Ayers v. Watson therein cited the question was before the Supreme Court on writ of error from a final judgment of the court below. No question was there raised as to the propriety of the removal, no remand was sought, and the objection with reference to the removal was raised for the first time in the Supreme Court, and by the party who effected the removal from the State to the District Court. The Supreme Court held that inasmuch as the question raised merely concerned the procedure the party raising it was estopped so to do. Powers v. Chesapeake & Ohio Ry. Co., also cited, is no authority for such holding. This case was likewise before the Supreme Court on writ of error after judgment in the District Court. The error complained of was the refusal of the District Court to order the remand. It is true the court said, (169 U.S. 92, on page 98, 18 S.Ct. 264, 266, 42 L.Ed. 673): "But the time of filing a petition for removal is not essential to the jurisdiction; the provision on that subject is, in the words of Mr. Justice Bradley, 'but modal and formal,' and a failure to comply with it may be the subject of waiver or estoppel," but this language, as we view it, has no relevancy to the question with which we are now dealing. It might be very pertinent on the question with which the District Court was confronted, where it was claimed a waiver or estoppel existed. The Travelers Case cited by petitioner and also cited in the Bankers Case, owing to the peculiar situation with which the court was dealing, is scant, if any, authority. There the propriety of the removal was never challenged, but, after the case was at issue in the District Court, the plaintiff filed a written waiver reducing the amount sought to be recovered to $3,000 and then moved that the cause be remanded to the state court. This order was allowed by the District Court without anything appearing of record to show that the removal was in any wise improper. The court indicated, under such circumstances, mandamus was an appropriate remedy to compel the District Court to hear and decide the case.

In Bankers Securities Corporation v. Insurance Equities Corporation, supra, it seems the court proceeded on the theory that, inasmuch as the prohibition on the right to review by way of appeal or writ of error is only found in section 28 of the Judicial Code (28 U.S.C.A. § 71), it has no application to section 29 (28 U.S.C.A. § 72). It has been expressly held that the provisions of section 37 of the Judicial Code (section 80, title 28 U.S.C.A.), providing for remanding of removed cases under the conditions therein set forth, is subject to the prohibition contained in section 28. Missouri Pacific Ry. Co. v. Fitzgerald, 160 U.S. 556, 16 S.Ct. 389, 40 L.Ed. 536; Employers Reinsurance Corporation v. Bryant, 299 U.S. 374, 57 S.Ct. 273, 276, 81 L.Ed. 289; Wabash Ry. Co. v. Woodrough (C.C.A.) 29 F.(2d) 832. In Employers Reinsurance Corporation v. Bryant, supra, the court in discussing sections 28 and 37 (Sections 71 and 80, title 28 U.S.C.A.) 299 U.S. 374, on page 381, 57 S.Ct. 273, 81 L.Ed. 289, said: "They are in pari materia, are to be construed accordingly rather than as distinct enactments, and, when so construed, show, as was held in Morey v. Lockhart, 123 U.S. 56, 58, 8 S.Ct. 65, 31 L.Ed. 68, that they are intended to reach and include all cases removed from a state court into a federal court and remanded by the latter."

▮ If the prohibition contained in section 28 is to be applied to causes remanded according to the provisions of section 37 (28 U.S.C.A. § 80), we can see no reason why the prohibition should not be likewise applied to causes remanded by failure to comply with the requirements of section 29. If the two former sections are in pari materia and are to be construed accordingly rather than as distinct enactments, it would seem to us that sections 28 and 29 (28 U.S.C.A. §§ 71, 72) are in a like situation and should be similarly construed.

▮ Even though it be conceded that the precise distinction sought to be made here has never been expressly passed upon by the Supreme Court, yet it seems to us the implicit language so often used includes all cases remanded from a District to a state court. With a proposition of law pronounced so positively and certainly by the Supreme Court on so many occasions, covering a period of fifty years, it hardly seems possible, and certainly not reasonable or plausible, that, if there were any exception or distinction to the pronounce-

ment, they would have some time found their way into the language of the court. Notwithstanding what seems to be a contrary view expressed by the court in Bankers Securities Corporation v. Insurance Equities Corporation, supra, we reach the conclusion it was the intention of Congress to prohibit a review, not only by appeal or writ of error, but by mandamus as well of the action of a District Court in remanding a cause to the state court, and this irrespective of whether the case was remanded on jurisdictional or procedural grounds.

Rule discharged.

Petition dismissed.