### BUCY v. NEVADA CONST. CO.
### No. 9796.

Circuit Court of Appeals, Ninth Circuit.
Jan. 26, 1942.

Rehearing Denied Feb. 16, 1942.

HEALY, Circuit Judge, dissenting.

———◇———

Lewis & Stotesbury and J. M. Stotes-
ibury, all of Bozeman, Mont., and Herbert

O. Skalet, of St. Anthony, Idaho, for appellant.

F. M. Bistline, of Pocatello, Idaho, and Lynn M. Ewing, of Nevada, Mo., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

GARRECHT, Circuit Judge.

An action originally was commenced in the state court of Idaho by the appellant, a citizen of the state of Montana, against the appellee, a corporation organized and existing under the laws of the state of Missouri, with a duly designated statutory agent and a principal place of business located at Ashton, Fremont County, Idaho. On motion of the defendant-appellee the cause, on September 9, 1939, was removed to the court below on the representation of diversity of citizenship. The District Court thereafter granted a motion, made by plaintiff, to remand the case to the state court. Four days later, the District Court vacated the order of remand theretofore entered, and ordered the motion to remand denied. As appellant's argument is concerned solely with these two orders entered by the District Court, we set them forth as they appear in the transcript:

"The motion of plaintiff, to remand, in the above cause having been filed and considered by the Court, It is Ordered that the said Motion to remand is hereby granted.

"Dated November 27, 1939.
"Charles C. Cavanah
"United States District Judge."

And the second order:

"It appearing to the Court that since entering the order on November 27, 1939, in the above cause remanding the cause to the State Court for lack of jurisdiction, the Supreme Court of the United States on November 22, 1939, in a majority opinion construed the Federal Statute differently and has held that the Federal Courts have jurisdiction although the Corporations are not organized in this State, and have complied with the laws of the State in the transacting of business in the State, and therefore, it is Ordered that the order heretofore made in the above cause on November 27, 1939 is vacated and set aside and the motion to remand is denied.

"Dated December 1, 1939.
"Charles C. Cavanah
"District Judge."

No objection seems to have been made, or exception taken, to either of these orders.

On January 10, 1940, more than a month after the court had entered its order vacating the remand order, appellant, as plaintiff, appeared and filed what is denominated an amended complaint. Thereafter, on January 11, 1940, appellee, as defendant, answered and also interposed a counterclaim which raised a new issue, to which plaintiff filed a reply on March 4, 1940. Thereafter, all parties voluntarily appeared and proceeded to trial before the court without a jury on October 15, 1940. The cause was submitted for decision, and on December 23, 1940, judgment was rendered for the defendant on its counterclaim.

The plaintiff pursues this appeal, contending that the order of the District Court granting plaintiff's motion to remand divested the court below of jurisdiction and that all proceedings thereafter were ineffectual to bind him, the state court having been automatically reinvested with jurisdiction.[1] The appellant's case rests solely upon this technicality, no other question being raised.

█ It is apparent in the light of Neirbo Co. v. Bethlehem Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437, that the District Court did have jurisdiction when it erroneously entered its order to remand, which it almost immediately revoked as soon as it realized its error.

We have before us, therefore, a case in which the District Court, as determined by the Supreme Court, actually had jurisdiction of the parties and the subject matter but in which, through mistake, inadvertence, or error of law, the District Court made an order which, in effect, denied jurisdiction. Appellant now insists that this erroneous order completely and effectively divested the court below of power to take any action with reference thereto—in other words, that the court was helpless to correct its own error in any manner or under any circumstances.

In Ausbrooks v. Western Union Telegraph Co., D.C.Tenn., 282 F. 733, 734, the District Court entered a remand order providing that this cause "be, and is, remanded to the Circuit Court of Davidson County." Application was made to the same court to set aside its own order of remand. In refusing to do so the court said that its language, above quoted from the order of remand, "having ex propria vigore reinvested the State court with jurisdiction, necessarily terminated the jurisdiction of this court." This decision has been followed in other cases, and undoubtedly is correct so far as its rule may be applied to similar facts. But it is evident that the facts and circumstances before the court in that case are different from those here.

It is to be noted that in the Ausbrooks case the District Court entertained an application for rehearing, which might indicate that even in that case during the time in which a new trial might be asked for, the court still assumed it had jurisdiction. In re Sherman, 124 U.S. 364-369, 8 S.Ct. 505, 31 L.Ed. 423. There is a rule in the District Court of the United States for the District of Idaho which grants to all or any of the parties, for certain reasons stated, a new trial or rehearing if application therefor is made not later than ten days after the entry of the judgment. One of these reasons is "error in law occurring at the trial." This rule would indicate that it would be proper for the court of its own initiative to take action in the matter. In the instant case of its own motion, and as far as appears in the record, before anything had been done towards carrying into execution the remanding order, the court reviewed and set aside its own manifestly erroneous order.

█ This rule of the United States District Court for Idaho states that the procedure shall be as prescribed in the General Rules of Civil Procedure for the District Courts of the United States. Rule 60 of these General Rules, 28 U.S.C.A. following section 723c, the Advisory Committee's notes thereon, and particularly the discussion appearing on page 185 of the Proceedings of the Institute at Washington, D. C., October 6, 7, 8, 1938, as published by the American Bar Association, support the

---

[1] The statute, 28 U.S.C.A. § 71, provides:

"* * * Whenever any cause shall be removed from any State court into any district court of the United States, and the district court shall decide that the cause was improperly removed, and order the same to be remanded to the State court from whence it came, such remand shall be immediately carried into execution, and no appeal or writ of error from the decision of the district court so remanding such cause shall be allowed. * * *"

theory of the inherent power of courts to correct their own errors.

As pointed out in the discussion of the Institute, this Rule 60 does not affect, interfere with, or curtail the common-law power of the federal courts, but as was emphasized, the broad power, which was theirs by the common law, to deal with situations where, in justice and good conscience, relief should be granted from manifest error, remained inherent in the courts.

"The power to vacate judgments was conceded by the common law to all its courts. Within its proper limitations it is a power inherent in all courts of record and independent of statute. It may be exercised by the court either of its own motion or on motion or suggestion by a party or interested person. * * *" 1 Freeman on Judgments § 194, pp. 375, 376.

Appellant insists that this inherent power of the court has been abrogated by the terms of the statute (28 U.S.C.A. § 71), and it has been so held in Leslie v. Floyd Gas Co., D.C., 11 F.Supp. 401, 402. There the court held that the order of remand ipso facto terminated the jurisdiction of the District Court. The opinion in that case went even further and held that the state court was reinvested with jurisdiction whether or not a copy of the remanding order was filed in the state court and where no subsequent proceedings had been taken. We cannot follow this reasoning. Not only does it run counter to the doctrine of the common law whereby courts of record have inherent power to correct their own errors, but it abrogates all statutes enacted for that purpose and misconstrues the very statute here under discussion.

■ These cases cited by appellant from the federal District Courts, which assert that an order of remand ipso facto or ex proprio vigore terminates the jurisdiction of the federal court, place too narrow and restricted a meaning upon the word "immediately" and give no meaning to other words used in the Act. In these decisions the importance of the word "immediately" is exaggerated and the words "carried into execution" are utterly disregarded. The last quoted words clearly indicate that something further was to be done after the order was entered to carry it into effect, but even without these words such similar significance should be given to the word "immediately" alone. In decisions touching the point "immediately" has been repeatedly held to mean "as soon as practicable" or "within a reasonable time".

"The construction, as given generally by the courts to the words 'immediately' and 'forthwith,' when they occur in contracts or in statutes, is, that the act referred to should be performed within such convenient time as is reasonably requisite. * * *" Martin v. Pifer, 96 Ind. 245, 248.

"* * * 'immediately' means 'as soon as practicable,' and conversely it is proper to construe 'as soon as practicable' to mean 'immediately.' * * *" Chicago, B. & Q. R. R. v. Richardson County, 72 Neb. 482, 100 N.W. 950, 952.

"* * * 'immediately' * * * does not mean instantaneously but requires action to be taken within a reasonable time. * * *" Lucas v. Western Union Telegraph Co., 131 Iowa 669, 109 N.W. 191, 193, 6 L.R.A.,N.S., 1016.

If the above construction of the word "immediately" be substituted in its place, the statute would read: "such remand shall be *as soon as practicable* carried into execution" or "such remand shall be *within a reasonable time* carried into execution".

Such a construction would give harmonious reading to all the words of the statute.

■ The proper procedure for carrying the order of remand into execution would be by filing of a certified copy of the order in the state court. Travelers' Protective Association v. Smith, 4 Cir., 71 F.2d 511; Empire Min. Co. v. Propeller Tow-Boat Co., C.C., 108 F. 900. The order is not self-executing and the statute does not so state. The words "such remand shall be immediately carried into execution" mean that the plaintiff may immediately have a certified copy of the order made to file with the clerk of the state court to which the case is remanded. The proper application of the law to the case here is well stated in 23 R.C.L. § 195, p. 826:

"* * * When the court grants a motion to remand it is the practice to enter an order to that effect. Judicial Code, § 28, [28 U.S.C.A. § 71], provides that 'whenever any cause shall be removed from any State court into any district court of the United States, and the district court shall decide that the cause was improperly removed, and order the same to be remanded to the State court from whence it came, such remand shall be immediately carried into execution.' It is therefore unlikely that

the federal court has power, even at the same term, to vacate an order of remand after it has been executed by the filing in the state court of a certified copy of the order. But before the order is executed the court may, in its discretion, grant a rehearing upon sufficient cause shown."

■ There is another compelling reason why appellant should not prevail on this appeal. As far as the record shows, appellant did nothing toward having the case proceed in the state court, which, according to his argument here, was the only forum where the case could properly be heard. Apparently, instead of following some such consistent course he, without reservation, voluntarily proceeded to urge his case in the Federal District Court. It will not be denied by anyone that each and every step taken as the case proceeded to its culmination, was and is inconsistent and utterly at variance with the present position of appellant, namely, that the court was without jurisdiction from the instant it entered the remand order. There is not a single line of protest in the record from that time until the appellant included in his "Designation of Contents of Record on Appeal," filed in this court on April 21, 1941, a statement that he intended to rely upon "The error in again assuming jurisdiction after making order remanding the cause to the State Court." Appellant having failed to take any action toward executing the order of remand before it was set aside, should he not, then, if he had faith in his position, have proceeded in the state court? or have appeared specially for the purpose of questioning the District Court's jurisdiction? But he did no such thing; on the contrary, he as the moving party prosecuted his case to final judgment in the District Court and then, on appeal, for the first time urges loss of jurisdiction by the court. We cannot permit him thus to speculate on the outcome of his case. We may be sure that had judgment been in his favor, he would contend with equal fervor to sustain the jurisdiction of the court.

■ It is suggested that under Rule 40 of the Rules of Civil Procedure appellant was under no obligation to advise the court that he objected to the action of the court in setting aside the remand order or to make known to the court that he desired to preserve the point that the court had no power to reconsider or set aside its remand. As pointed out in the discussions of Rule 46, the function of an exception was to bring pointedly to the attention of the trial judge the importance of the ruling from the standpoint of the lawyer and to give the trial judge an opportunity to make further reflection regarding his ruling. Proceedings of Institute, Washington, D. C., 1938, p. 87. In justifying the rule it was stated "the exception is no longer necessary, if you have made your point clear to the court below." Proceedings of Institute, Cleveland, 1938, p. 312. "But of course it is necessary that a man should not spring a trap on the court * * *, so the rule requires him to disclose the grounds of his objections fully to the court." Proceedings of Institute, Washington, D. C., 1938, p. 124; see also p. 87.

■ We do not think the rule applies to the situation here. The ruling now complained of is concerned with the vacation of the remand order. It nowhere appears in the record that appellant claimed that the court could not do this, or that it had lost jurisdiction to proceed with the case when all parties acquiesced, and the point is first made after notice of appeal to this court in appellant's designation of this point as the one on which he intends to rely.

■ It must be remembered that in law and in fact the controversy and the parties came within the proper jurisdiction of the District Court. There were present the requisite diversity of citizenship and the jurisdictional amount. The controversy might have been litigated in either the state or federal court. By interposing a new complaint appellant assumed the position equivalent to that of a new litigant, and by going forward to trial and judgment waived whatever technical advantage the erroneous order may have afforded him. When the parties appeared before the court and litigated the matter, both parties may be said to have acquiesced in, and consented to, the control of their respective rights by the said court. This thought is not to be interpreted as doing violence to the fundamental rule that consent cannot *confer* jurisdiction in the federal courts; but where facts necessary to jurisdiction *exist*, failure to urge a technical or procedural defect may be considered acquiescence. We hold that under the special circumstances of this case the plaintiff cannot now question the validity of the order vacating the remand order and denying his motion to remand, especially

in view of the fact that he could have proceeded to judgment in the state court irrespective of the order of which he now complains. Metropolitan Casualty Co. v. Stevens, 312 U.S. 563, 566, 568, 61 S.Ct. 715, 85 L.Ed. 1044.

The judgment is affirmed.

The view we have taken of the case renders unnecessary a ruling on the motion to strike the supplemental transcript of record.

HEALY, Circuit Judge (dissenting).

*The question presented is whether, having* remanded the cause, the district court had power at a later time to vacate its order and resume jurisdiction of the case. I am unable to agree that it had. The point is of such importance, and the reasons advanced by my associates in support of their decision are so far-reaching in their implications, that I feel constrained to set out my views of the matter at considerable length.

In a preliminary way it is to be observed that when the court entered its order of November 27, 1939, "remanding the cause to the state court for lack of jurisdiction",[1] no further order or action was contemplated or intended by the court to effectuate its purpose. I think the judicial function of the federal court is exhausted and its authority terminated with the entry of the remand order. What thereafter remains to be done, if anything, is not a judicial act but the performance by the clerk of a purely ministerial function. The practice in the clerk's office in the Idaho district appears to be immediately to forward a certified copy of the order, without charge, to the clerk of the state court.[2] While the record is silent on the subject, it is to be presumed that the clerk followed his usual custom in this instance by dispatching the copy. In any event I believe the point is not material.

As used in the practice, the office of the certified copy is merely informative.[3] The statute does not in terms require it, and its filing with the state court is, I think, in no sense a prerequisite to the revesting of jurisdiction there. If, an hour after a remanding order is entered, the state court were to proceed to judgment in the absence of the copy, upon informal advice of counsel or upon no advice at all, he would indeed be a hardy advocate who would contend that the proceedings so had were without jurisdiction. Cf. Metropolitan Casualty Co. v. Stevens, 312 U.S. 563, 61 S.Ct. 715, 85 L.Ed. 1044.

Rule 60(a) has a purpose foreign to the present situation. As its title indicates, it relates to the correction of "clerical mistakes". There was here no clerical mistake, oversight, or omission within the intendment of the rule. The remanding order entered by the court was precisely the order the court intended to enter. For reasons to be stated, I think the general power of the court to vacate its orders during the term does not extend to remands.[4]

Before turning to the statute a third preliminary matter is to be noticed. My associates, apparently as an alternative to their holding on the disputed point, find in the conduct of appellant "another compelling reason" why he should not prevail. He is held to have acquiesced in the jurisdiction and cannot, therefore, be heard to dispute it. In this respect the holding appears to beg the question. If, as appellant contends, the court lacked power to set aside the remand, then, so far as this case is concerned, "the issue of removability is closed" by the remand; and this court is obliged to assume that the suit was not removable, hence that appellant could not by acquiescence confer jurisdiction. Metropolitan Casualty Co. v. Stevens, supra, 312 U.S. pages 568, 569, 61 S.Ct. 715, 85 L.Ed. 1044. Thus we are driven back to the original inquiry, upon the answer to which alone the proper solution of the case depends.

In any event I think there was no acquiescence in the jurisdiction such as would estop appellant from thereafter raising the question. Rule 46 of the Rules of

---

[1] The order is so characterized by Judge Cavanah in his vacating order.

[2] There appears to be no court rule on the subject; nor does there appear to be any practice in that district of furnishing a transcript of the proceedings in the federal court. In the absence of a rule, I have assumed that the administrative practice is a matter of which this court may inform itself.

[3] The last sentence in the quotation from 23 R.C.L. § 195, quoted in the main opinion, is predicated on In re Sherman, Jan., 1888, 124 U.S. 364, 8 S.Ct. 505, 31 L.Ed. 423. The case is not decisive of the proposition stated.

[4] Rule 82 provides that "these rules shall not be construed to extend * * * the jurisdiction of the district courts."

Civil Procedure provides that formal exceptions to rulings or orders of the court are unnecessary, "but for all purposes for which an exception has heretofore been necessary it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefor; *and, if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice him.*" (Emphasis supplied).

The record affirmatively discloses that the challenged order was made in the absence of the parties and their counsel. If the language of the rule is taken to mean what it says, the absence of an objection ought not, under the circumstances, be thought to prejudice appellant. Had the order been made in consequence of a petition for rehearing by the removing party, appellant would have had the opportunity to make known to the court his objection to the action sought, namely, the lack of jurisdiction in the court to reconsider or set aside its remand; and it would then have been incumbent on appellant to make known his objection if he desired to preserve the point. But here the court made the order of its own motion. In doing so it necessarily ruled on its power so to act, and this without affording appellant an opportunity to be heard thereon. In considering the right of appellant thereafter to have the ruling reviewed it is important to remember that appellant had not invoked the jurisdiction or invited the error complained of; and that he had manifested his unwillingness to try his cause in the federal court by moving to remand. I have found nothing in the discussions which throws light on the portion of the rule which I have italicized, and I believe the provision should be held to obviate the necessity of a subsequent exception or objection, even assuming that the jurisdictional question may be waived.

While the main opinion is not clear, as I read its holding even the traditional exception would not have served to avail appellant. He must, the opinion intimates, "appear specially" if he would question the jurisdiction; and it is to be gathered that should his objection prove unavailing he must, "if he had faith in his position", turn to the state court.[5] If this part of the opinion was intended to be something more than a series of rhetorical questions, the holding is totally at variance with settled principles applicable in removal cases, as will be apparent upon a reading of the very decision which the court cites as authority. The order in suit, being in its entirety interlocutory, could not have been made the subject of a direct appeal;[6] it was reviewable only on appeal from final judgment.[7] Confronted with the order, appellant would appear to have the options normally open to a party who believes the court is without jurisdiction and whose motion to remand has been denied.[8]

The pertinent statute (§ 28 of the Judicial Code, 28 U.S.C.A. § 71) provides: "Whenever any cause shall be removed from any State court into any district court of the United States, and the district court

[5] The state court had made the usual order allowing the removal. Appellant's ability to proceed there was not entirely a matter of his own choice. That court, as a matter of comity if for no other reason, Metropolitan Casualty Co. v. Stevens, supra, 312 U.S. page 569, 61 S. Ct. 715, 85 L.Ed. 1044, might well have declined to proceed at that juncture; and in any event if appellant had attempted to proceed there the federal court could have enjoined him from so doing. Toucey v. New York Life Ins. Co., 62 S. Ct. 139, 86 L.Ed. ——.

[6] Bender v. Pennsylvania Co., 148 U.S. 502, 13 S.Ct. 640, 37 L.Ed. 537.

[7] Gully v. First National Bank, 299 U. S. 109, 57 S.Ct. 96, 81 L.Ed. 70; Geer v. Mathieson Alkali Works, 190 U.S. 428, 23 S.Ct. 807, 47 L.Ed. 1122; Mansfield, C. & Lake Mich. Ry. Co., 111 U. S. 379, 4 S.Ct. 510, 28 L.Ed. 462. Cf.

Cray, McFawn & Co. v. Hegarty, Conroy & Co., 2 Cir., 85 F.2d 516.

[8] He might, for example, have suffered his case to be dismissed by the federal court for want of prosecution and then have raised the question by appealing from the final judgment, compare Ruff v. Gay, 5 Cir., 67 F.2d 684, affirmed 292 U.S. 25, 54 S.Ct. 608, 78 L.Ed. 1099, 92 A.L.R. 970. Or he might, as he did here, proceed to the trial of his case in the federal court, taking whatever steps by pleading or by amendment thereto as might seem to him necessary to the proper presentation of his cause on the merits, and then, if the decision went against him, seek review of his point by appeal from the final judgment. Pursuit of the latter course would not of itself constitute a waiver of any of his rights, Metropolitan Casualty Co. v. Stevens, supra.

shall decide that the cause was improperly removed, and order the same to be remanded to the State court from whence it came, such remand shall be immediately carried into execution, and no appeal or writ of error from the decision of the district court so remanding such cause shall be allowed."

This provision, first enacted in 1887, has from the beginning been "broadly construed * * * as prohibiting review of an order of remand, directly or indirectly, by any proceeding." Gay v. Ruff, 292 U.S. 25, 29, 54 S.Ct. 608, 610, 78 L.Ed. 1099, 92 A.L.R. 970. The purpose of the statute has not been better expressed than by the Supreme Court in Ex parte Pennsylvania Co., 1890, 137 U.S. 451, 11 S.Ct. 141, 142, 34 L.Ed. 738, where it was held that even indirect review by mandamus is not available. The court said that "the general object of the act is to contract the jurisdiction of the federal courts"; and that "the use of the words, 'such remand shall be immediately carried into execution,' in addition to the prohibition of appeal and writ of error, is strongly indicative of an intent to suppress further prolongation of the controversy by whatever process." [9] And the court's latest pronouncement on the subject in Metropolitan Casualty Co. v. Stevens, 312 U.S. 563, 61 S.Ct. 715, 85 L.Ed. 1044 shows how rigidly the purpose has been adhered to.[10]

The district courts have likewise applied the statute to their own reviewing powers, and when their attention has been directed to its summary provisions have declined to reconsider or vacate assertedly erroneous orders of remand. The leading decision on this phase of the subject is Ausbrooks v. Western Union Telegraph Co., D.C., 282 F. 733, 734 where Judge Sanford held that his order of remand, "having ex propria vigore reinvested the State court with jurisdiction, necessarily terminated the jurisdiction of this court." The general power of the court to vacate orders at any sub-

sequent day of the term was not thought to extend to the vacation of remand orders whereby the jurisdiction of the court had been completely exercised. Apparently in that case a copy of the remanding order had not been filed in the state court nor subsequent proceedings had therein, but the opinion was expressed that the remand was nonetheless conclusive.[11] The Ausbrooks decision has been followed by other district courts, see particularly Leslie v. Floyd Gas Co., D.C.Ky., 11 F.Supp. 401; Garrison v. Atlantic Life Ins. Co., D.C.S. C., 18 F.Supp. 469, and it is significant that no considered case from a district court holding the contrary has been found in the books. See note to Moulding-Brownell Corp. v. Sullivan, 114 A.L.R. 1471, 1481. The upshot of these decisions is that the statute renders the remand order immediately effective upon its entry; and that the order ipso facto divests the court of authority over the case and revests jurisdiction of it in the court from whence it came. The result is clearly in harmony both with letter and the purpose of the statute. Leslie v. Floyd Gas Co., supra, 11 F.Supp. page 402.

At a time like the present when the federal courts are overburdened with cases of national import and when the right to remove causes on grounds of diversity has become of more than doubtful utility, Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, it seems strange that this court should cavalierly turn its back on so much thoughtful precedent and lay down rules subversive of the statute, merely because it feels that in this particular case "justice and good conscience" require that a "manifest error" be corrected. The certainty that errors would occur in the remand of causes, many of them perhaps flagrant and obvious, was a matter of indifference to Congress when it enacted the statute, nor did Congress con-

---

[9] The binding effect of a remand order cannot be defeated by the filing of a second petition for removal on the same ground as that presented in the first. St. Paul & C. Ry. Co. v. McLean, 108 U.S. 212, 2 S.Ct. 498, 27 L.Ed. 703; McLaughlin Bros. v. Hallowell, 228 U.S. 278, 33 S.Ct. 465, 57 L.Ed. 835.

[10] There have been but few cases in which the peremptory nature of the statute has been disregarded, notably in Travelers' Protective Ass'n v. Smith, 4 Cir., 71 F.2d 511 and Bankers Securities Corp. v. Insurance Equities Corp., 3

Cir., 85 F.2d 856. 108 A.L.R. 960. The holding of the latter case has been criticized, see Moulding-Brownell Corp. v. Sullivan, 7 Cir., 92 F.2d 646, 114 A.L. R. 1471; Borden Co. v. Zumwalt, 9 Cir., 120 F.2d 69. Consult case note to Borden Co. v. Zumwalt in Harvard Law Review for December, 1941, Vol. 55, p. 290.

[11] The petition for rehearing was filed eight days after entry of the remand order. In the later case of Leslie v. Floyd Gas Co. it was filed five days after remand.

cern itself with their correction. The concern it manifested was that the remand order, whether wrong or right, should summarily end the matter.

The principles now announced extend beyond the exigencies of the present case. In this circuit an important question has been put at large, leaving it to future litigation to fix the limits of time and circumstance beyond which remands may be said at last to have become final. The holding invites petitions for rehearing of remand orders, with the injurious delays incident thereto. It creates new possibilities of conflict in a field where judges of both the state and federal systems have labored assiduously to eliminate conflict. And it introduces similar elements of doubt and confusion elsewhere in the field of review.

I think the judgment should be reversed with directions to reinstate the order of remand.