**MUTUAL LIFE INS. CO. OF NEW YORK v. HOLLY, Judge, et al.**

No. ——.

Circuit Court of Appeals, Seventh Circuit.

May 24, 1943.

Geo. B. Christensen, of Chicago, Ill., for petitioner.

Julius S. Neale and Bernard W. Vinissky, both of Chicago, Ill., for respondent.

Before EVANS, KERNER, and MINTON, Circuit Judges.

PER CURIAM.

On December 30, 1941, Virginia B. Hamberg filed a complaint in the Circuit Court of Cook County, Illinois, in which she sued the defendant upon a policy of life insurance issued on the life of her late husband. On January 31, 1942, and within the time provided by law, the defendant insurance company filed its petition and bond for removal of the cause of action to the United States District Court for the Northern District of Illinois, Eastern Division. Thereafter on March 12, 1942, by leave of court said plaintiff, Virginia B. Hamberg, filed an amended complaint making parties plaintiff other parties who were named beneficiaries in the policy. On March 23, 1942, the insurance company filed an answer to the amended complaint and a counterclaim for cancellation of the policy because of material false and fraudulent misrepresentations made by the assured in his application for insurance. On the 9th of April, 1942, the plaintiffs filed answer to the counterclaim. On October 19, 1942, the plaintiffs filed a motion in the District Court to remand the cause to the Circuit Court of Cook County, Illinois. On November 9, 1942, the District Court denied the plaintiffs' motion to remand.

The matter came on for trial before a jury, and on January 19, 1943, a verdict was returned for the defendant insurance company, and on the same date the court entered judgment for the defendant insurance company upon said verdict.

On the 28th of January, 1943, the plaintiffs filed a motion for new trial and motion to vacate the judgment, set aside the verdict, and to remand the cause to the Circuit Court of Cook County, Illinois. This motion to remand was granted, and on March 22, 1943, the judgment theretofore entered in favor of the insurance company was vacated and the cause was remanded to the Circuit Court of Cook County, Illinois, where it is now pending.

The insurance company has lodged in the office of the Clerk of this Court its motion for leave to file a petition for writ of mandamus and the petition for said writ. The would-be petitioner, hereinafter referred to as the insurance company, seeks a writ of mandamus against Judge Holly, commanding him to vacate his order of March 22, 1943, remanding the cause to the Circuit Court of Cook County, Illinois, and for other relief; and, second, for a writ of injunction against the plaintiffs in the proceedings in the court below, enjoining them from taking any further action in the Circuit Court of Cook County, Illinois.

It is admitted by the insurance company that the action of Judge Holly in remanding the cause to the Circuit Court of Cook County is not reviewable by us on appeal.[1] From this statute, it is quite clear that there is not and could not be any appeal to this Court from the order of Judge Holly remanding said cause to the Circuit Court of Cook County. While the insurance company admits that this direct attack cannot be made upon the action of Judge Holly, it seeks by indirection to reach his action, and to void it by collateral attack by way of mandamus.

This Court in Moulding-Brownell Corp. v. Sullivan, 7 Cir., 92 F.2d 646, 114 A.L.R. 1471, in an opinion which carefully reviewed the authorities, clearly held that a District Judge who had remanded a cause to a State court could not be compelled by mandamus to vacate the order of remand. Our opinion in that case held without qualification that such procedure by way of mandamus was wholly unauthorized.

While the facts in this cause and the reasons for remand are different than they were in the Moulding-Brownell Corp. v. Sullivan case, supra, the law applicable to the present situation is the same, and we hold that under the circumstances of this case, mandamus will not lie to compel Judge Holly to vacate his order of March 22, 1943, remanding the cause to the Circuit Court of Cook County. This view of the law has been sustained by other circuits. United States v. Fixico, 10 Cir., 115 F.2d 389; In re Satterley, 5 Cir., 102 F.2d 144; Wabash Ry. Co. v. Woodrough, 8 Cir., 29 F.2d 832.

We think for another reason we have no jurisdiction to issue a writ of mandamus or injunction in this cause. It is admitted by counsel for the insurance company that it is without remedy by way of appeal to this Court. That is an admission that this Court has no jurisdiction. Our jurisdiction is wholly appellate, and if there is no appeal pending here and can be no appeal, we are wholly without authority to issue a writ of mandamus or injunction, as we have no such original jurisdiction. Our jurisdiction to issue such writs is only incidental to and in aid of our appellate jurisdiction. 28 U.S.C.A. § 377; United States v. Mayer, 235 U.S. 55, 35 S. Ct. 16, 59 L.Ed. 129; United States v. Avis, 3 Cir., 108 F.2d 457. Since there is no proceeding of any kind which invokes or may invoke our appellate jurisdiction in aid of which the writs herein prayed for are sought, we are wholly without jurisdiction to issue them.

Leave to file the petition herein as prayed for is denied.

---

[1] "Whenever any cause shall be removed from any State court into any district court of the United States, and the district court shall decide that the cause was improperly removed, and order the same to be remanded to the State court from whence it came, such remand shall be immediately carried into execution, and no appeal or writ of error from the decision of the district court so remanding such cause shall be allowed. * * *" 28 U.S.C.A. § 71.