Joseph A. SEEDMAN, Petitioner,

v.

UNITED STATES DISTRICT COURT
FOR the CENTRAL DISTRICT OF
CALIFORNIA, Respondent,

and

Empire of America, a Federal Savings
Association, et al., Real Parties
in Interest.

No. 87–7098.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 9, 1987.

Decided Jan. 21, 1988.

Michael A. Vanic, Goldman & Vanic, Los
Angeles, Cal., for petitioner.

Robert P. Baker, Jeffer, Mangels & But-
ler, Los Angeles, Cal., for respondent.

Before BROWNING, Chief Judge,
PREGERSON and ALARCON, Circuit
Judges.

PER CURIAM:

On July 7, 1986, Joseph Seedman filed
this action in California Superior Court
against multiple defendants alleging eight
causes of action including a federal RICO
claim based primarily on breach of an
agreement to buy certain assets. On Octo-
ber 6, 1986, defendants removed the com-
plaint to federal court.

On November 6, 1986, the district court
sua sponte remanded the case to state
court on the ground that the removal peti-
tion was untimely. One month later, re-
spondents filed a second removal petition

claiming the earlier remand order was erroneous. The remand order had already been certified to the state court. Petitioner filed a motion for remand, but the court denied that motion, vacated its earlier remand order, and granted the second removal petition. The court concluded its initial order was based on a clerical error, and removal was proper.

Seedman then petitioned this court for a writ of mandamus claiming the district court lacked jurisdiction to vacate its earlier remand order. On July 7, 1987, this panel denied the writ. Seedman subsequently filed a motion for rehearing. We now grant petitioner's motion for rehearing and grant the writ.

28 U.S.C. § 1447(c) requires a district court to remand a case to state court when it determines the case was improvidently removed. Remand orders based on section 1447(c) are unreviewable on "appeal or otherwise." 28 U.S.C. § 1447(d).

■ This language has been universally construed to preclude not only appellate review but also reconsideration by the district court. Once a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case. *See New Orleans Pub. Serv., Inc. v. Majoue*, 802 F.2d 166, 167 (5th Cir. 1986) (per curiam); *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 279 n. 3 (9th Cir.1984); *Three J Farms, Inc. v. Alton Box Board Co.*, 609 F.2d 112, 115 (4th Cir.1979); *Federal Deposit Insurance Corp. v. Santiago Plaza*, 598 F.2d 634, 636 (1st Cir.1979) (per curiam); 14A C. Wright, A. Miller, E. Cooper, *Federal Practice & Proc.* § 3739, at 589 (1985).

■ Contrary to respondent's position, a second removal petition based on the same grounds does not "reinvest" the court's jurisdiction. *See Federal Deposit Insurance Corp.*, 598 F.2d at 636. A remand order returns the case to the state courts and the federal court has no power to retrieve it. As the statute makes clear, if the remand order is based on section 1447(c), a district court has no power to correct or vacate it. *Id.*

■ Respondent argues that our decision in *Bucy v. Nevada Const. Co.*, 125 F.2d 213 (9th Cir.1942) allows a district court to correct erroneous remand orders. *Bucy* held only that a court may correct an error before the order is certified to the state court. We stated in *Bucy* that it was doubtful a court could vacate a remand order after certification. *Id.* at 217–18. We now so hold: after certification to the state court a federal court cannot vacate a remand order issued under section 1447(c).

■ Relying on *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), respondent argues this case was not remanded pursuant to section 1447(c) and is therefore reviewable. In *Thermtron*, the Court held that section 1447(d) did not preclude review of remand orders "issued on grounds not authorized by § 1447(c)." *Id.* at 343, 96 S.Ct. at 589. Here the court's order was based on § 1447(c) since the court determined that the removal had been improvidently granted because the petition was untimely. *See Clorox Co. v. United States District Court*, 779 F.2d 517, 520 (9th Cir.1985); *Wilkins v. Rogers*, 581 F.2d 399, 403 (4th Cir.1978). This is true regardless of whether the order was premised on a clerical error.

Mandamus is reserved for extraordinary circumstances. *See Kerr v. United States District Court*, 426 U.S. 394, 402, 96 S.Ct. 2119, 2124, 48 L.Ed.2d 725 (1976). Such circumstances are present here. Petitioner has no other avenue of relief; unless the writ issues he will be prejudiced in a way not correctable on appeal since he will have been forced to endure proceedings in a court that lacks jurisdiction; the district's order is clearly erroneous as a matter of law since the court had no jurisdiction to vacate its earlier remand order. *See Bauman v. United States District Court*, 557 F.2d 650, 654–55 (9th Cir.1977).

The writ is granted. The district court shall remand this case to the California state court.