NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: LATASHA DENELL MITCHELL, Debtor, ---------------------------- LATASHA RICHARDSON, AKA LaTasha Denell Mitchell, Appellant, v. SELECT PORTFOLIO SERVICING, INC., Appellee. | No.   22-60040 BAP No.21-1265 MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Taylor, Lafferty III, and Brand, Bankruptcy Judges, Presiding

Submitted October 18, 2023**
San Francisco, California

Before:  W. FLETCHER, NGUYEN, and R. NELSON, Circuit Judges.

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

LaTasha Richardson appeals the Bankruptcy Appellate Panel's ("BAP") decision affirming the bankruptcy court's order denying her April 2021 motion for contempt sanctions against Select Portfolio Servicing, Inc. ("SPS"). We have jurisdiction under 28 U.S.C. § 158(d). Reviewing the BAP's decision de novo and the bankruptcy court's order for abuse of discretion, *see In re Taggart*, 980 F.3d 1340, 1347 (9th Cir. 2020), we affirm.

Richardson argues that SPS improperly litigated in state court because the bankruptcy court stayed its remand order before the order took effect. To be sure, a remand order "is not self-executing." *Bucy v. Nev. Constr. Co.*, 125 F.2d 213, 217 (9th Cir. 1942). Jurisdiction does not transfer to the state court until it receives "[a] certified copy of the order of remand." 28 U.S.C. § 1447(c); *see Seedman v. U.S. Dist. Ct.*, 837 F.2d 413, 414 (9th Cir. 1988) (per curiam) ("Once a [federal] court certifies a remand order to state court it is divested of jurisdiction . . . .").

However, Richardson forfeited her right to challenge SPS's conduct because SPS was merely responding to her attempt to undo the state court's adverse summary judgment ruling. *See Bucy*, 125 F.2d at 218–19; *cf. Roman Cath. Archdiocese v. Acevedo Feliciano*, 140 S. Ct. 696, 700 (2020) (per curiam) (explaining that parties may defend their interests in state court when the state court proceeds on a removed case despite lacking jurisdiction).

**AFFIRMED.**

22-60040